**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

|  |  |
|---|---|
| LUQUN LIU<br>19112 Jingsh Road<br>102 Building 9<br>Jinan, China<br><br>          **Plaintiff,**<br><br>v.<br><br>XIAOKUI MA<br>43096 Unison Knoll Circle<br>Ashburn, Va. 20148-7132<br><br>          **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.: 1: 15 CV 1026
JCC / TCB

**JURY TRIAL DEMANDED**

## COMPLAINT

The Plaintiff, Luqun Liu, by counsel, states as follows for her complaint against the Defendant, Xiaokui Ma

## PARTIES

1.    Plaintiff Luqun Liu ("Liu" or "Plaintiff') is a citizen of the Peoples Republic of China, residing in Jinan Province, China.

2.    Defendant Xiaokui Ma ("Ma" or "Defendant") is a citizen of the United States of America, residing in Ashburn, Virginia.

3.    At all relevant times Defendant has transacted business, including the conduct complained of herein, within the Commonwealth of Virginia, including within this district and division.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over the parties and over the subject matter of the causes of action asserted in this Complaint pursuant to 28 U.S.C. §1332(a)(2) and §1391(b)(1)&(2) in that there is diversity of citizenship between Plaintiff and each Defendant; the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs; Defendant resides in this District; the events giving rise to the causes of action set forth below occurred in and a substantial part of the property that is the subject of the action is situated in the Eastern District of Virginia.

5.     This Court has specific personal jurisdiction over Defendant as she is a resident of the Commonwealth of Virginia.

6.     Venue is proper as Defendant resides in this District; the events giving rise to the causes of action set forth below occurred in and a substantial part of the property that is the subject of the action is situated in the Eastern District of Virginia.

## FACTUAL ALLEGATIONS

7.     On August 3, 2013, Plaintiff, at the behest of the Defendant, invested $1,000,000.00 in Today's Kids LLC, ("the LLC") by depositing said sum in a PNC bank account bearing the name of the LLC.

8.     The LLC was a Limited Liability Company formed pursuant to the provisions of the Limited Liability Company Act of the Commonwealth of Virginia.

9.     Pursuant to the Today's Kids LLC Limited Liability Company Operating Agreement, Plaintiff and Defendant were the only managers.

2

10. Pursuant to the Limited Liability Company Act, as managers Plaintiff and Defendant had equal control over the management of the LLC.

11. Plaintiff provided all of the working capital for the LLC.

12. Plaintiff was willing to be the sole provider of capital for the LLC because of the assurance provided by having equal control over the management of the LLC, and thereby the ability to ensure that the investment monies would be used for legitimate business purposes of which she approved and not for purposes of which she disapproved.

13. Ten days later, on August 13, 2013, Defendant converted the LLC to a Delaware Limited Partnership making herself the General Partner and Plaintiff a Limited Partner.

14. The change of Today's Kids from a Virginia LLC to a Delaware LP, was done without Plaintiff's knowledge, and consequently without Plaintiff's approval.

15. As General Partner, Defendant, without the knowledge of Plaintiff, dissipated and refuses to return the full amount of Plaintiff's investment.

16. Plaintiff did not learn of Defendant's surreptitious conduct until approximately September of 2014.

17. Since learning of the change of Today's Kids from a Virginia LLC to a Delaware LP, Defendant has refused to give up possession of Plaintiff's property or provide an accounting thereof, upon Plaintiff's repeated demands therefore.

## COUNT I - CONVERSION

18. Plaintiff incorporates herein paragraphs 1 through 17, above as if set forth in full.

19. Plaintiff owns an interest in, and/or has the right to possess the personal property of Today's Kids, valued at at least $1,000,000.00.

20. Defendant intentionally converted to her own use and benefit, Plaintiff's personal property interest in Today's Kids.

21. By so doing Defendant has deprived the Plaintiff of possession or use of the personal property in question.

22. Defendant's actions have caused damages to Plaintiff in the amount of $1,000,000.00 plus interest.

23. Defendant's surreptitious conduct was a conscious act of actual malice or such recklessness or negligence as to evince a conscious disregard of the Plaintiff's rights, and should be punished by the assessment of punitive damages.

## COUNT II - BREACH OF FIDUCIARY DUTIES

24. Plaintiff incorporates herein paragraphs 1 through 23, above as if set forth in full.

25. Defendant was a fiduciary of Plaintiff, who was her principal by virtue of being the sole source of the capital for Today's Kids. As a fiduciary Defendant owed Plaintiff, *inter alia*, the duty of loyalty and a duty of care. The duty of loyalty requires Defendant to be honest and refrain from competing with Plaintiff. The duty of care requires Defendant to act carefully and responsibly. Defendant has breached these duties as set forth above.

26. As a consequence of Defendant's breach of her fiduciary duties, the Plaintiff has suffered damages in the amount of at least $1,000,000.

4

27. Defendant's surreptitious conduct was a conscious act of actual malice or such recklessness or negligence as to evince a conscious disregard of the Plaintiff's rights, and should be punished by the assessment of punitive damages.

## COUNT III - FRAUD

28. Plaintiff incorporates herein paragraphs 1 through 27, above as if set forth in full.

29. Implicit in the fiduciary duties Defendant owed to Plaintiff, was Defendant's duty to disclose the converting of Today's Kids corporate status from a Virginia LLC to a Delaware Limited Partnership and thereby change Defendant to General Partner and Plaintiff to a Limited Partner before engaging in such conduct. Said breach of Defendant's duty to Plaintiff is a tort.

30. The information pertaining to the converting of Today's Kids corporate status from a Virginia LLC to a Delaware Limited Partnership, as well as the ramifications of so doing was not accessible to Plaintiff by virtue of (a) Plaintiff's residence in China, and (b) the difference in Plaintiff's and Defendant's access to attorneys who understand American corporate structures.

31. Defendant had access to, and used the services of an American lawyer in making the conversion and consequently had a greater level of expertise than Defendant in understanding what she was doing.

32. Defendant actively concealed the information.

33. As set forth in paragraphs 7-17, *supra.*, Defendant made a deliberate decision not to disclose her plan to convert Today's Kids' corporate status from a Virginia LLC to a Delaware Limited Partnership and thereby changing Defendant to General Partner and

5

Plaintiff to a Limited Partner, knowing that Plaintiff was acting on the assumption that Today's Kids' corporate status would be a Virginia LLC in which Plaintiff and Defendant would be the only managers and have equal control over the management of Today's Kids.

34. The concealment was a material omission relied upon by the Plaintiff, for as set forth in paragraph 12, *supra.*, Plaintiff would not have made the investment of $1,000,000.00, with Defendant had she known of Defendant's plans to change the corporate status of Today's Kids from a Virginia LLC to a Delaware LP.

35. As a consequence of the Defendant's misrepresentations and/ or nondisclosures, the Plaintiff has been damaged in the amount of at least $1,000,000.

36. Defendant's surreptitious conduct was a conscious act of actual malice or such recklessness or negligence as to evince a conscious disregard of the Plaintiff's rights, and should be punished by the assessment of punitive damages.

## COUNT IV - UNJUST ENRICHMENT

37. Plaintiff incorporates herein paragraphs 1 through 36, above as if set forth in full.

38. As set forth in paragraph 7, *supra.*, Plaintiff conferred upon Defendant a benefit.

39. As set forth, *inter alia,* in paragraphs 7, 9, 10, & 11, *supra.*, Defendant had knowledge of the benefit.

40. As set forth in paragraphs 7-17, *supra.*, acceptance or retention by Defendant of the benefit Plaintiff conferred upon Defendant under the above referenced circumstances make it inequitable for Defendant to retain said benefits without payment to Plaintiff of the value of the benefit.

## Jury Trial Demand

41. Plaintiff demands a trial by jury on all issues set forth herein.

**WHEREFORE**, Plaintiff moves the court to enter judgment against the Defendant for $1,000,000.00 or such greater amount as may be proven at trial, plus interest and costs, together with punitive damages in the amount of $350,000, and such further relief as the court deems proper.

LUQUN LIU
By Counsel

John E. Coffey (VSB #19086)
**Redmon, Peyton & Braswell, LLP**
510 King St.
Suite 301
Alexandria, VA 22314
703-684-2000
703-684-5109 (Fax)
jcoffey@rpb-law.com
*Local Counsel for Plaintiff*


John F. Innelli (PA Bar # 34466)*(pro hac vice* pending)
**John F. Innelli, LLC**
1818 Market St.
Suite 3740
Philadelphia, PA 19103
(267)238-9884
(215)561-0012 (Fax)
jinnelli@innellilaw.com

Xingye Yan (PA Bar # 309968)
**Law Office of Xingye Yan**
1818 Market Street
Suite 3740
Philadelphia, PA 19103
215-459-3353
856-322-0266 (Fax)
*Counsel for Plaintiff*