# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| LUQUN LIU,<br><br>　　　　Plaintiff,<br><br>　v.<br><br><br>XIAOKUI MA,<br><br>　　　　Defendant. | CASE NO. 1:15 -cv-01026 (JCC/TCB)<br><br>**JURY TRIAL DEMAND** |

## ANSWER

**COMES NOW**, the Defendant, Xiaokui Ma, by and through counsel, Shaoming Cheng, Esq., and Cheng Yun & Associates PLLC, for her Answer to the Complaint filed against her herein, states as follows:

## PARTIES

1. Paragraph 1 is a statement of fact to which no response is required. To the best of our knowledge, the Plaintiff is a citizen of the Peoples Republic of China.

2. The allegations contained in Paragraph 2 are admitted.

3. The allegations contained in Paragraph 3 are partially admitted.  Defendant admitted she has transacted some business in Commonwealth of Virginia. Defendant is not aware of whether there are any business transactions for the Partnership out of Commonwealth of Virginia on this point.

1

## JURISDICTION

4. Paragraph 4 contains statements of law to which no response is required. To the extent that paragraph 4 contains factual allegations to which a response is required, such factual allegations are admitted.

5. The Defendants consent to personal jurisdiction in this judicial district.

6. The Defendants consent to venue in this judicial district.

## FACTUAL ALLEGATIONS

7. The allegations contained in Paragraph 7 are denied. Defendant demands strict proof thereof.

8. The allegations contained in Paragraph 8 are denied. Defendant demands strict proof thereof.

9. The allegations contained in Paragraph 9 are denied. Defendant demands strict proof thereof.

10. The allegations contained in Paragraph 10 are denied. Defendant demands strict proof thereof.

11. The allegations contained in Paragraph 11 are denied. Defendant demands strict proof thereof.

12. The allegations contained in Paragraph 12 are denied. Defendant demands strict proof thereof.

13. The allegations contained in Paragraph 13 are denied. Defendant demands strict proof thereof.

14. The allegations contained in Paragraph 14 are denied. The Defendant affirmatively states that the Plaintiff acknowledged and consented to convert the Today's Kids LLC to

Today's Kids LP for the tax purpose on the basis of her signature on the Limited Partnership Agreement on August 13, 2015.

15. The allegations contained in Paragraph 15 are denied.  Defendant demands strict proof thereof.

16. The allegations contained in Paragraph 16 are denied. Defendant demands strict proof thereof.

17.  The allegations contained in Paragraph 17 are denied.  Defendant demands strict proof thereof.

## COUNT I

18. Defendant repeats and realleges her Responses to Paragraphs 1-17 as if fully set forth herein.

19. The allegations contained in Paragraph 19 are denied.  Defendant demands strict proof thereof.

20. The allegations contained in Paragraph 20 are denied.  Defendant demands strict proof thereof.

21. The allegations contained in Paragraph 21 are denied.  Defendant demands strict proof thereof.

22. The allegations contained in Paragraph 22 are denied.  Defendant demands strict proof thereof.

23. The allegations contained in Paragraph 23 are denied.  Defendant demands strict proof thereof.

## COUNT II

24. Defendant repeats and realleges her Responses to Paragraphs 1-23 as if fully set forth

herein.

25. The allegations contained in Paragraph 25 are denied. Defendant demands strict proof thereof.

26. The allegations contained in Paragraph 26 are denied. Defendant demands strict proof thereof.

27. The allegations contained in Paragraph 27 are denied. Defendant demands strict proof thereof.

## **COUNT III**

28. Defendant repeats and realleges her Responses to Paragraphs 1-27 as if fully set forth herein.

29. The allegations contained in Paragraph 29 are denied. Defendant demands strict proof thereof.

30. The allegations contained in Paragraph 30 are denied. Defendant demands strict proof thereof.

31. The allegations contained in Paragraph 31 are denied. Defendant demands strict proof thereof.

32. The allegations contained in Paragraph 32 are denied. Defendant demands strict proof thereof.

33. The allegations contained in Paragraph 33 are denied. Defendant demands strict proof thereof.

34. The allegations contained in Paragraph 34 are denied. Defendant demands strict proof thereof.

35. The allegations contained in Paragraph 35 are denied. Defendant demands strict proof

thereof.

36. The allegations contained in Paragraph 36 are denied. Defendant demands strict proof thereof.

## COUNT IV

37. Defendant repeats and realleges her Responses to Paragraphs 1-36 as if fully set forth herein.

38. The allegations contained in Paragraph 38 are denied. Defendant demands strict proof thereof.

39. The allegations contained in Paragraph 39 are denied. Defendant demands strict proof thereof.

40. The allegations contained in Paragraph 40 are denied. Defendant demands strict proof thereof.

## Jury Trial Demand

41. The Defendant demands a trial by jury on all issuers set forth herein.

## AFFIRMATIVE DEFENSE

1. The Plaintiff's claims are barred by her own breaches of Partnership Agreement as described in the Counterclaims.

2. Plaintiff's claims are subjected to the Counterclaim and offset.

3. Any and all allegation contained within the Plaintiff's Complaint are not expressly admitted herein are hereby denied.

4. The amount of punitive damages sought by plaintiff is completely unreasonable based upon the actual damages alleged by Plaintiff, and thereby constitutes an unenforceable

penalty and is against public policy.

5. The Defendant denies that any conduct on her part caused or contributed to any alleged damages, compensatory or punitive.

6. The Defendant reserves the rights to arise additional affirmative defenses revealed in and by any discovery taken in this action.

**WHEREFORE,** the Defendants pray this honorable court for the following:

a. **Deny** Plaintiff's Prayer for $ 1,000,000 or such greater amount as may be proven at trial, plus interest and costs.

b. **Deny** Plaintiff's Prayer for punitive damages in the amount of $ 350,000.

c. Award Defendant attorney's fee occurred from this suit.

d. Award Defendant damages that the honorable court deems just and proper.

## COUNTERCLAIMS

Defendant and Counterclaim Plaintiff, Xiaokui Ma, by and through counsel, Shaoming Cheng, Esq., and Cheng Yun & Associates PLLC, hereby asserts the following counterclaims against Plaintiff and Counterclaim Defendant, Luqun Liu.

## PARTIES

1. Plaintiff Luqun Liu is the investor limited partner in Today's Kids LP ("Partnership") who is a citizen of the Peoples Republic of China, residing in Jianan City, Shandong Province, China.

2. Defendant Xiaokui Ma is the managing general partner in Partnership who is a citizen of the United States of America, residing Ashburn, Virginia.

## FACTS

3. On August 3, 2013, the Plaintiff and Defendant entered agreements to found a Limited Liability Company named Today's Kids LLC ("LLC") in Virginia.

4. Later on, the Plaintiff and the Defendant decided to dissolve the LLC established in Virginia and form the Partnership in Delaware for Plaintiff's benefit. Both parties entered into an Agreement of Limited Partnership for this partnership dated August 13, 2013 ("Partnership Agreement") (Exhibit 1).

5. Due to the Plaintiff physically resides in China, both parties agreed that the Plaintiff is the limited partner and the Defendant is the general partner pursuant to the partnership agreement.

6. Therefore, the LLC was converted to the Partnership on August 14, 2013. Accordingly, the title of the account in PNC Bank was changed from Today's Kids LLC to Today's Kids LP on August 19, 2013.

7. According to the Partnership Agreement, the Plaintiff contributed $1,000,000 to the Partnership which shall continue until Twenty (20) years as of filing of Certificate of Limited Partnership.

8. Furthermore, the Partnership Agreement provides that a limited partner shall have right to withdraw upon 30 days' notice to the Partnership after five (5) years of joining the Partnership.

9. The Defendant started to use the capital for running the business by paying for renovation fee, salary and other expenses from August, 2013.

10. However, the Plaintiff's attorney sent a letter to the Defendant on October 21, 2014 (Exhibit 2). This letter asked Defendant to refund Plaintiff all her

contribution to the Partnership in the amount of $1,000,000 plus interest immediately.

11. Meanwhile, it was more than one year since the Partnership Agreement had been executed. All the capital has been invested into the business of the partnership which is expected to last for at least five (5) years.

12. Afterwards, the Plaintiff filed a Complaint with this Court to claim refund of her contribution and punitive damages on August 13, 2015.

## COUNTERCLAIM COUNT I
## BREACH OF PARTNERSHIP AGREEMENT

13. The Defendant realleges and incorporates by reference paragraphs 1 through 10 above as though fully set forth herein.

14. Plaintiff and Defendant entered into the Partnership Agreement on August 13, 2013.

15. Section 1.5 of the Partnership Agreement provides this Partnership shall continue until twenty (20) years as of filing of Certificate of Limited Partnership.

16. Section 7.5 of the Partnership Agreement provides a limited partner shall have right to withdraw upon 30 days' notice to the Partnership after five (5) years of joining the Partnership.

17. The Business of the Partnership was launched in a few days after the Partnership Agreement had been executed.

18. The Plaintiff breached the Partnership Agreement she has with the Defendant by requesting the repayment of the $1,000,000 contribution and filling a claim in this

action in which it seeks refund of her contribution and punitive damages less than five years of joining the Partnership.

19. New partners and capitals for the business are required to maintain the current business for the partnership if the Plaintiff would withdraw her contribution. In that case, it would cost the Defendant a lot of time, effort, and money to find new partners and borrow enough capitals timely. The interests of borrowing the capital in the amount of $1,000,000 is $228,000 from the date that the Plaintiff breached the Partnership Agreement to the fifth year as of filing of Certificate of Limited Partnership.

20. The Defendant's damages is $228,000 as a direct and proximate result of the Plaintiff's breach.

## **COUNTERCLAIM COUNT II- EQUITABLE ESTOPPEL**

21. The Defendant realleges and incorporates by reference paragraphs 1 through 20 above as though fully set forth herein.

22. This Partnership Agreement has been properly entered and executed on August 13, 2003. For any reason, if this Partnership agreement was not formed under the Law, the Plaintiff is still labile to Defendant's damages under the doctrine of equitable estoppel.

23. For equitable estoppel to apply under Virginia law, a party must show (1) concealment or misrepresentation of a material fact; (2) that the misrepresentation was made with knowledge of the fact; (3) that the other party was ignorant of the truth; (4) that the representation was made with the intention that the other party rely on it; (5) that the other party was induced to act on it; and (6) that the party

was harmed. *Jones v. Shooshan*, 855 F. Supp. 2d 594, 604, 2012 WL 681630 (E.D. Va. 2012)

24. The Plaintiff contributed $1,000, 000 to this Partnership in order to receive the benefit from EB-5 Immigrant Investor Program. Under this program, entrepreneurs (and their spouses and unmarried children under 21) are eligible to apply for a green card (permanent residence). And then, the beneficiary would obtain a conditional permanent residence which is granted for two years. After two years, if the immigrants have satisfied the conditions of the EB-5 Program and other criteria of eligibility, the conditions are removed and the immigrant become unconditional lawful permanent residents of the United States.

25. Given the entire process for EB-5 Immigrant Investor Program actually takes 4-5 years, the 5 year investment term (which cannot be guaranteed) is based, in large part, on an estimate of when all investors in a project should reasonably be done with the application process, and had become standard in the market as a result.

26. Based on the requirements of EB-5 Immigrant Investor Program, the Plaintiff promised she would not withdraw her investment for at least five years.

27. Both parties agreed that the Defendant contributes to work and management as her initial contribution for the Partnership. Plus, the Defendant is in charge of making profit for the Partnership.

28. The Defendant reasonably relied to her detriment on the misleading statements, omissions, and actions of Plaintiff that led her to spend substantial time, effort, and money to pursue the business for the Partnership.

29. The Defendant has contributed her time and effort to solicit clients, register students and manage this Partnership for more than two years.

30. However, the Plaintiff stated that she never consented to contribute to the Partnership and requested to refund all her contribution to the Partnership with interest after the Partnership operated for more than two years.

31. The Defendant could have built and operate the business in other manners if the Plaintiff did not agree to make the Partnership in the first place.

32. The Defendant suffered damages in the amount of $360,000 as a direct and proximate result of the Plaintiff's misrepresentations.

## **JURY TRAIL DEMAND**

33. Defendant demands a trial by jury on all issues set forth herein.

**WHEREFORE,** the Defendants pray this honorable court for the following:

   a. Ask Plaintiff to pay damages in amount of $228,000 for breaching Partnership Agreement.

   b. Ask Plaintiff to pay damages in amount of $360,000 under the doctrine of equitable estoppel.

   c. Ask Plaintiff to pay Defendant's Attorney's fee for bringing the Counterclaims

   d. Any other reliefs that this honorable court deems just and proper.

Respectfully submitted,

_____/s/_____
Shaoming Cheng, Esq. (VSB: 80218)
Cheng Yun & Associates, PLLC
6072 Deer Ridge Trail
Springfield, VA 22150
Tel: 703-887-6786
Fax: 888-510-6158
jcheng@chengyunlaw.com

Dated: November 20, 2015