# Exhibit A

## Plaintiff's Jury Instruction No. 1

### Credibility of Witnesses

You are the judges of the facts, the credibility of the witnesses, and the weight of the evidence. You may consider the appearance and manner of the witnesses on the stand, their intelligence, their opportunity for knowing the truth and for having observed the things about which they testified, their interest in the outcome of the case, their bias, and, if any have been shown, their prior inconsistent statements, or whether they have knowingly testified untruthfully as to any material fact in the case.

You may not arbitrarily disregard believable testimony of a witness. However, after you have considered all the evidence in the case, then you may accept or discard all or part of the testimony of a witness as you think proper.

You are entitled to use your common sense in judging any testimony. From these things and all the other circumstances of the case, you may determine which witnesses are more believable and weigh their testimony accordingly.

*Williams v. Auw Brokers, 6 Va. App. 570, 574, 370 S.E.2d 321, 323-24 (1988); Diggs v. Lail, 201 Va. 871, 878, 114 S.E.2d 743, 748–49 (1960); Zirkle v. Commonwealth, 189 Va. 862, 870, 55 S.E.2d 24, 29 (1949); Low Moor Iron Co. v. Jackson, 117 Va. 76, 84 S.E.100 ( 1915).*

## Plaintiff's Jury Instruction No. 2

### Adverse Witness

The plaintiff called the defendant as an adverse witness.  The plaintiff is bound by as much of the defendant's testimony given as an adverse witness as is clear, logical, reasonable and uncontradicted.

The plaintiff is not bound by any of the defendant's testimony given as an adverse witness that conflicts with any of the other evidence in the case.

*Econornopoulos v. Kolaitis, 259 Va. 806, 812, 528 S.E.2d 714, 718 (2000); Retail Prop. Investors v. Skeens, 252 Va. 36, 41, 471 S.E.2d 181, 183 (1996); Nationwide Mut. Ins. Co. v. Hargraves, 242 Va. 88, 91-92, 405 S.E.2d 848, 850-51(1991); Miller v. White, 222 Va. 311, 315, 281 S.E.2d 802, 804 (1981); S & W Motor Lines v. Bayliss, 212 Va. 124, 125, 183 S.E.2d 169, 169 (1971); Cook v. Basnight, 207 Va. 491, 497, 151 S.E.2d 408, 412 (1966); Weddle v. Draper; 204 Va. 319, 322,130 S.E.2d 462, 465 (1963); Norfolk & Portsmouth Belt Line R.R. v. C.F. Mueller Co., 197 Va. 533, 539, 90 S.E.2d 135, 139 (1955); Boyd v. Brawn, 192 Va. 702, 711, 66 S.E.2d 559, 564 (1951).*

Plaintiff's Jury Instruction No. 3

**Circumstantial Evidence**

Any fact that may be proved by direct evidence may be proved by circumstantial evidence; that is, you may draw all reasonable and legitimate inferences and deductions from the evidence.

*Etherton v. Doe, 268 Va. 209, 212-13, 597 S.E.2d 87, 89 (2004); Smith v. Commonwealth, 247 Va. 157, 159, 439 S.E.2d 409, 411 (1994); Bailey v. Kerns, 246 Va. 158., 163-67, 431 S.E.2d 312, 315-18 (1993); Wooldridge v. Echelon Serv. Co., 243 Va. 458, 461, 416 S.E.2d 441, 443 (1992); Fobbs v. Webb Bldg. Ltd. P'ship, 232 Va. 227, 230, 349 S.E.2d 355, 357 (1986); N. Va. Power Co. v. Bailey, 194 Va. 464, 470-71, 73 S.E.2d 425, 429 (1952); Toler v. Commonwealth, 188 Va. 774, 780, 51 S.E.2d 210, 213 (1949), aff'd on reh'g, 183 va. 406, 32 S.E2d 659 (1945); Bly v. S. Ry., 183 Va. 162, 175-76, 31 S.E2d 564, 570 (1944); Ryan v. Md. Cas. Co., 173 Va. 57, 62, 3 S.E.2d 416, 418 (1939).*

Plaintiff's Jury Instruction No. 4

**Prior Inconsistent Statement by Witness**

If you believe from the evidence that a witness [other than a party] previously made a statement inconsistent with his testimony at this trial, the only purpose for which the statement may be considered by you is its bearing on the witness's credibility.  It is not evidence that what the witness previously said is true.

*Ruhlin v. Samaan, 282 Va. 371, 378-79, 718 S.E.2d 447, 450-51 (2011); Gray v. Rhoads, 268 Va. 81, 89-90, 597 S.E.2d 93, 98 (2004); Commercial Distribs. v. Blankenship, 240 Va. 382, 394, 397 S.E.2d 840, 847 (1990); Pugh v. Commonwealth, 233 Va. 369, 374-75, 355 S.E.2d 591, 594-95 (1987); Shelton v. Mullins, 207 Va. 17, 21-22, 147 S.E.2d 754, 757 ( 1966).*

Plaintiff's Jury Instruction No. 5

**Prior Inconsistent Statement by Party**

If you believe from the evidence that a party previously made a statement inconsistent with her testimony at this trial, that previous statement may be considered by you as evidence that what the party previously said was true.

*Ruhlin v. Sarnaan, 282 Va. 371, 378-79, 718 S.E.2d 447, 450-51 (2011); Gray v. Rhoads, 268 Va. 81, 89-90, 597 S.E.2d 93, 98 (2004); Shelton v. Mullins, 207 Va. 17, 21-22, 147 S.E.2d 754, 757 (1966).*

Plaintiff's Jury Instruction No. 6

**Prior Conviction of Felony or Crime Involving Moral Turpitude**

During the trial, proof that a witness had been convicted of a felony [perjury; a crime] was admitted.  The only purpose for which that evidence may be considered by you is its bearing on the witness's credibility.

You may not consider that evidence as proof of any other issue in this case.

*Jewel v. Commonwealth, 260 Va. 430, 433, 536 S.E.2d 905, 906 (2000); Payne v. Carroll, 250 Va. 336, 339-40, 461 S.E.2d 837, 838-39 (1995); Bland v. Commonwealth, 177 Va. 819, 823, 13 S.E.2d 317, 318 (1941).*

Plaintiff's Jury Instruction No. 7

Rejected and Stricken Evidence

You must not consider any matter that was rejected or stricken by the Court.  It is not evidence and should be disregarded.

*Eubank v. Spencer; 203 Va. 923, 925, 128 S.E2d 299, 301(1962); Fardis v. El. DuPont de Nemours & Co., 123 Va. 88, 90-91, 96 S.E. 164, 164-65 (1918).*

Plaintiff's Jury Instruction No. 8

**Effect of Defendant Admitting Liability**

The defendant has admitted that she is liable for any injury the plaintiff received from misconduct of defendant.  Therefore, the only issue that you have to decide is the amount of damages, if any, the plaintiff is entitled to recover.

An admission of liability should not influence you in any way in considering the issue of damages.

*MacDonald v. Firth, 202 Va. 900, 901 n.1, 121 S-E2d 369, 370 n.1 (1961).*

## Plaintiff's Jury Instruction No.   9

### Effect of Judge Striking Defense

The court has found that defendant is liable for any injury the plaintiff received from misconduct of defendant.  Therefore, the only issue that you have to decide is the amount of damages the plaintiff is entitled to recover, if any.

The fact that the Court is submitting only the question of damages to you, and not the question of legal liability, should not influence you in any way in considering the issue of damages.

Plaintiff's Jury Instruction No.   10

Definition of Actual Fraud: Intentional Misrepresentation


   Actual fraud is a misrepresentation of a material fact, knowingly and intentionally made, with the intent to mislead another person, which that person relied upon with the result that she was damaged by it.

*Caperton* v AT *Massey Coal Co., 285 Va. 537 553, 740 S.E.2d 1, 9 (201.3); State Farm Mut. Auto Ins. -v. Remley, 270 Va. 209, 218, 618 S.E.2d 316, 321 (2005); Davis v. Marshall Homes, 265 Va. 159, 165, 576 S.E.2d 504, 506 (2003); Cohn v. Knowledge Connections, Inc., 266 Va. 362, 367, 585 S.E.2d 578, 581 (2003); Parker-Smith v. Sto Corp., 262 Va. 432, 439, 551 S.E.2d 615, 619 (2001); McMillion v. Dryvit Sys., 262 Va. 463, 471, 552 S.E.2d 364, 368-69 (2001); Prospect Dev. Co. v. Bershader, 258 Va. 75, 85, 515 S.E.2d 291, 297 (1999); Evaluation Research Corp. v. Alequin, 247 Va. 143, 148, 439 S.E.2d 387, 390 (1994); Colonial Ford Truck Sales, Inc. v. Schneider 228 Va. 671, 677, 325 S.E.2d 91, 94 (1985); Ware v. Scott, 220 Va. 317, 319, 257 S.E.2d 855, 857 ( 1979); Packard Norfolk, Inc. v. Miller; 198 Va. 557, 561, 95 S.E.2d 207, 210 (1956); Hicks v. Wynn, 137 Va. 186, 193, 119 S.E. 133, 135-36 (1923).*

Plaintiff's Jury Instruction No.  11

Definition of Misrepresentation


A misrepresentation is any words or conduct which produce a false or misleading impression of fact in the mind of another.  The misrepresentation must be made concerning an actually existing or past fact.  A promise, an expression of interest, or an expectation or opinion concerning the future is not a misrepresentation.

A misrepresentation may result from silence or from the suppression of facts as well as from an affirmative representation.

*SuperValu, Inc. v Johnson*, 276 Va. 356, 367-68, 666 S.E2d 335, 342 (2008); *Eden v Weight*, 265, Vag. 398, 405, 578 S.E2d 769, 773-74 (2003); *Cohn v Knowledge Connections, Inc.*, 266 Va. 362, 368, 585 S.E.2d 578, 581 (2003); *McMahon v. Dryvit Sys.*, 262 Va. 463, 471, 552 S.E2d 364, 368-69 (2001); *Tate v. Colony House Builders, Inc.*, 257 Va. 78, 82, 508 S.E2d 597, 599 (1999); *Prospect Dev., Co v Bershader*, 258 Va. 75, 86, 515 S.E.2d 291, 297 (1999); *Lumberinen's 'Underwriting Alliance v. Dave's Cabinet, Inc.*, 258 Va. 377, 382, 520 S.E.2d 362, 365 (1999); *Blair Constr v. Weatherford*, 253 Va. 343, 346, 485 S.E.2d 137, 139 (1997); *Mortarino v. Consultant Eng'g Servs.*, 251 Va. 289, 293, 467 S.E.2d 778, 781 (1996); *Van Deusen v. Snead*, 247 Va. 324, 328, 441 S.E.2d 207, 209 (1994); *Patrick v. Summers*, 235 Va. 452, 454, 369 S.E2d 162, 164 (1988); *Colonial Ford Truck Sales, Inc. v. Schneider* 228 Va. 671, 677, 325 S.E.2d 91, 94 (1985); *Horner v. Ahern*, 207 Va. 860, 865, 153 S.E.2d 216, 220 (1967); *DeJarnette v. Thomas M. Brooks Lumber Co.*, 199 Va. 18, 28, 97 S.E2d 750, 757 (1957); *Soble v. Herman*, 175 Va. 489, 500-01, 9 S.E.2d 459, 464 (1940); *Lloyd v. Smith*, 150 Va. 132, 145, 142 S.E. 363, 365 (1928).

Plaintiff's Jury Instruction No.  12

**Definition of Material Fact**


A material fact is one which influences a person to act or not to act.


*Spence v. Griffin, 236 Va. 21, 28, 327 S.E.2d 595, 598 (1988); J.E. Robert Co. v. J. Robert Co., 231 Va. 338, 345, 343 S.E.2d 350, 355 (1986); Mutual of Omaha Ins. Co. v. Dingus, 219 Va. 706, 713, 250 S.E.2d 352, 355 (1979); Packard Norfolk, Inc. v. Miller, 198 Va. 557, 563, 95 S.E.2d 207, 211 (1956).*

Plaintiff's Jury Instruction No.   13

Definition of Reliance

Reliance is a belief that a representation is true which causes a person to take action she would not otherwise have taken.

*Piedinont Trust Bank v. Aetna Cas. & Sur. Co., 210 Va. 396, 400, 171 S.E.2d 264, 267 (1969); Harris v. 'Thinliam, 203 Va. 760, 767, 127 S.E.2d 65, 70 (1962); Dalarnette v. Thomas M. Brooks Lumber Co., 199 Va. 18, 30, 97 S.E.2d 750, 758 (1957); Masche v. Nichols, 188 Va. 857, 868, 51 S.E.2d 144, 148 (1949)*

Plaintiff's Jury Instruction No.  14

### Definition of Constructive Fraud

Constructive fraud is a misrepresentation of a material fact, innocently or negligently made, with the intent that a person will rely on it and which that person relied upon with the result that she was damaged by it.

*SuperValu, Inc.* v *Athnson, 276`Va. 356, 367, 666 S.E.2d 335, 341-42 (2008); State Farm Mut. Auto. Ins.Remley, 270 Va. 209, 220, 618 S.E.2d 316, 321 (2005); Cohn v.' Knowledge Connections, Inc., 266 Va. 362, 369, 585 S.E.2d 578, 582 (2003); Eden v. Weight, 265 Va. 398, 405, 578 S.E.2d 769, 773 (2003); Prospect Dev. Co. v. Bershader, 258 Va. 75, 86, 515 S.E.2d 291, 297 (1999); Lumbermen's Underwriting Alliance v. Dave's Cabinet, Inc., 258 Va. 377, 381, 520 S.E.2d 362, 365 ( 1999); Blair Constr.  v Weatherford, 253 Va. 343, 346, 485 S.E.2d 137, 138 (1997); Mortarino v. Consultant Eng'g Set vs., 251 Va. 289, 295, 467 S.E.2d 778, 782 (1996); Evaluation Research Corp. v. Alequin, 247 Va. 143, 148, 439 S.E.2d 387, 390 (1994); Nationwide Mut. Ins. Co. v. Hargraves, 242 Va. 88, 92, 405 S.E.2d 848, 851 (1991); Bergmueller v. Minnick, 238 Va. 332, 337, 383 S.E.2d 722, 724 (1989); Nuckols v. Nuckols, 228 Va. 25, 38, 320 S.E.2d 734, 741 (1984); Kitchen v. Throckmorton, 223 Va. 164, 171, 286 S.E.2d 673, 676 (1982); B-W Acceptance Corp. v. Benjamin T Grump Co., 199 Va. 312, 315, 99 S.E.2d 606, 609 (1957); Jackson v. Seymour; 193 Va. 735, 741-42, 71 S.E.2d 181, 186 (1952); Union Trust Corp. v. Fugate, 172 Va. 82, 92, 200 S.E. 624, 628 ( 1939); Chandler v. Satchell, 160 Va. 160, 171, 168 S.E. 744, 748 (1933), aff'd, 164 Va. 318, 180 S.E. 313 ( 1935).*

Plaintiff's Jury Instruction No.   15

**Burden of Proof on Common Law Fraud: Clear and Convincing**

**The burden is on the party charging common law fraud to prove it by clear and convincing evidence.**

*State Farm" hut. Aliki Ins. v. kenzley, 270 'Va. 209, 218, 618 S.E.2d 316, 321 (2005); Davis v. Marshall Homes, 265 Va.`159, 165, 576 S.E.2d 504, 506 (2003); Henderson v. Henderson, 255 Va. 122, 126, 495 S.E.2d 496, 499 (1998); Price v. Taylor, 251 Va. 82, 85, 466 S.E.2d 87, 88 (1996); Evaluation Research Corp. v. Alequin, 247 Va. 143, 148, 439 S.E.2d 387, 390 (1994).*

Plaintiff's Jury Instruction No. 16

Evidence of Proof


    In deciding whether fraud exists, you may take into consideration the relative knowledge of the parties, their respective motives and intentions, the closeness of their relationship, the actions of the parties, the nature and character of the transaction including the adequacy of the price, and all of the other surrounding facts and circumstances.


*Grubb v Grubb, 272 Va. 45, 53, 630 S.E.2d 746, 751 (2006); Payne v Simmons, 232 Va., 379,:·,84, 350 S.E.2d 637 640 (1986); CreasY`v. HendersOri, 210 Va. 744, 750, 173 S.E.2d 823, 828 (1970); Cook v Hayden, 183 Va. 203, 209, 31 S.E.2d 625, 627 (1944); Temple V. JoneS, Son & Co., 179 Va. 286, 298, 19 S.E.2d 57, 62 (1942); Barbour O. Barbour, 155 Va. 650, 653, 156 S.E. 365, 366 (1931).*

Plaintiff's Jury Instruction No.   17

Finding Instruction Common Law: Actual Fraud


You shall return your verdict for the plaintiff if she proved by clear and convincing evidence:

(1)   That the defendant misrepresented a material fact; and

(2)   That it was made intentionally and knowingly; and

(3)   That it was made with the intent that the plaintiff rely upon it; and

(4)   That the plaintiff relied upon it; and

(5)   That the plaintiff was damaged as a result.

You shall find your verdict for the defendant if the plaintiff failed to prove any one or more of the elements above.

*Caperton v. A.T Massey Coal Co., 285 Va":537, 553, 740 S.E.2d 1, 9 (2013); Cohn v. Knowledge Connections, Inc., 266 Va. 362, 367, 585 S.E.2d 578, 581 (2003); Evaluation Research Corp. v. Alequin,,247 143, 148, 439 S.E.2d 387, 390 (1994); Bryant v.1[3]eckinpaugh, 241 Va. 172, 175, 400 S.E.2d 20i, 203 (1991); Humphreys v. Baird, 197 Va. 667, 671, 90 'S.E.2d 796, 799 (1956); Packard Norfolk, Inc. v. Miller; 198 Va. 557, 561, 95 S.E.2d 207, 210 (1956); Hicks v. Wynn, 137: Va. 186, 193, 119 LE. 133, 135-36 (1923).*

Plaintiff's Jury Instruction No.   18

Finding Instruction Common Law: Constructive Fraud

You shall return your verdict for the plaintiff if she proved by clear and convincing evidence:

(1)   That the defendant misrepresented a material fact; and

(2)   That it was made innocently or negligently; and

(3)   That it was made with the intent that the plaintiff rely upon it; and

(4)   That the plaintiff relied upon it; and

(5)   That the plaintiff was damaged as a result.

You shall find your verdict for the defendant if the plaintiff failed to prove any one or more of the elements above.

*SiiperValu, Inc v Johnso;t, 276 Va. 356, 666 S.E.2d 335 (2008); Cohn v. Knowledge Connections, Inc., 266 Va. 362, 369, 585 S.E.2d 578, 582 (2003); .Eden v. Weight, 265..Va. 398, 405, 578 S.E.2d 769, 773 (2003); Henderson .y. Henderson, 255%, ,.1.22,,126, 495, S.E.2d. 496, 499 (1998); Evaluation Research Corp. v.Alequiti, 247 Va. 143, 148, 439 S.E.2d 387, 390 (1994); Wells v. Weston, 229 Va. 72: 77; 326 S.E.2d 672, 675 (1985); Nuckols v. Nuckols, 228 Va. 25, 33, 320 ,S.E.2d 734, 738 (1984); B-W Acceptance Corp. v. Benjamin T Crump Co., 199 Va. 312, 315, 99 S.E.2d 606, 609 (1957); Union Trust Corp. v Fugate, 172 Va. 82, 92,200 S.E. 624, 628 (1939); Chandlerv. kitchen, 160 Va.160, 171, 168 S.E. 744, 748 (1933), aff'd, 164 Va. 318, 180 S.E. 313 (1935).*

Plaintiff's Jury Instruction No.  19

Finding Instruction Common Law: Actual and Constructive Fraud

You shall return your verdict for the plaintiff if she proved by clear and convincing evidence:

(1)    That the defendant misrepresented a material fact; and

(2)    That it was made intentionally and knowingly or it was made innocently or negligently; and

(3)    That it was made with the intent that the plaintiff rely upon it; and

(4)    That the plaintiff relied upon it; and

(5)    That the plaintiff was damaged as a result.

You shall find your verdict for the defendant if the plaintiff failed to prove any one or more of the elements above.

*SuPerValu, Inc. v:'Johnson, 276 Va. 356, 666 S.E:2d 335 (2008); Cohn v. Knowledge Connections, Inc., 266 Va. 362, 367-69, 585 S.E.2d 578, 581-'82`(2003); Henderson v. Henderson, 255 Va. 122, 126, 495 S.E.2d 496, 499 (1998); Blair Constr. v. Weathetfon4 253 Va. 343, 347-48, 485 S.E.2d 137, 139 (1997); Evaluation Reseatvh Corp. v Aiequin, 247 Va. 143, 148, 439 S.E.2d 387, 390 (1994).*

Plaintiff's Jury Instruction No.  20

Conversion


Conversion is the wrongful exercise or assumption of authority over another's property, depriving her of her possession, and any act of dominion wrongfully exerted over property in denial of the owner's right or inconsistent with it.


*PGI, Inc. V. Rathe Productions, Inc.* 265 Va. 334, 344 (2003).

Plaintiff's Jury Instruction No.   21

**Finding Instruction : Conversion**

You shall return your verdict for the plaintiff if she proved by a preponderance of the evidence:

That the defendant wrongfully exercised , or wrongfully assumed authority, or engaged in any act of dominion wrongfully exerted over plaintiff's property in denial of plaintiff's right or inconsistent with it.

*PGI, Inc. V. Rathe Productions, Inc.* 265 Va. 334, 344 (2003).