# Exhibit 1

***Defendant's Proposed Instruction No. 1 -- Duties of the Jury:***

Ladies and gentlemen, now that you have heard the closing arguments of counsel, it is my duty to instruct you as to the law which is applicable to this case. Please pay close attention to these instructions.

You and I have different functions. You decide the disputed facts and I give the instructions of law. It is your duty, therefore, after listening to these instructions, to deliberate and decide among yourselves what the facts are. You are then to apply the law, as I explain it to you in these instructions, to those facts to reach your verdict.

It is your sworn duty to accept these instructions and to apply the law as I give it to you. You are not to be concerned with the wisdom of any rule of law stated in these instructions. You are not permitted to change the law, nor apply your own idea of what you think the law should be.

You should not single out one instruction alone as stating the law. You must consider the instructions as a whole.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case or what that opinion may be. It is your function, not mine, to determine the facts, and you are to determine the facts solely on the evidence you have heard during the trial.

It is my responsibility to instruct you on all aspects of the law that might be relevant to your deliberation. You should not assume, for example, that because I instruct you as to the law on damages, that you should enter an award of damages.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, prejudice or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

### Sources & Authority

3 E. Devitt, C. Blackmar & M. Wolf, Federal Jury Practice & Instructions, §71.01 (4th ed. 1987) ("Devitt & Blackmar").

***Defendant's Proposed Instruction No. 2 -- What Is Evidence*:**

Statements and arguments of counsel are not evidence in the case. When, however, the attorneys on both sides stipulate or agree as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

The Court may take judicial notice of certain facts or events. When the Court declares it will take judicial notice of some fact or event, the jury must, unless otherwise instructed, accept the Court's declaration as evidence and regard as proved the fact or event that has been judicially noticed.

Unless you are otherwise instructed, the evidence in the case always consisted of the sworn testimony of the witnesses, including those witnesses who testified by deposition, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been admitted or stipulated; and all facts and events which may have been judicially noticed.

Any evidence as to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded.

**Sources & Authority**

Devitt & Blackmar §§ 71.08, 71.12; 3 K. F. O'Malley, J. E. Grenig & Hon. W. C. Lee, Federal Jury Practice & Instructions, §103.30 (5th ed. 2000) ("O'Malley, Grenig & Lee").

***Defendant's Proposed Instruction No. 3 -- What Is Not Evidence*:**

In contrast to the testimony, exhibits and stipulations, certain things are not evidence, and you may not consider them in deciding the facts in this case.

Arguments and statements by lawyers are not evidence. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way that the lawyers have stated them, your memory of them controls.

Questions and objections by lawyers are not evidence. If a lawyer asks a witness a question that contains an assertion of fact, you may not consider the assertion of that fact. Attorneys have a duty to their clients to object when they believe that a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. Nor should you speculate as to what the answer might have been or the reason for the objection.

Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, if testimony or exhibits have been received only for a limited purpose, you must follow the limiting instructions I have given.

Anything you may have seen or heard when the court was not in session is not evidence.

**Sources & Authority**

O'Malley, Grenig & Lee, §§ 101.44, 103.03 103.34.

***Defendant's Proposed Instruction No. 4 -- Direct and Circumstantial Evidence*:**

All of the evidence in this case can be characterized as either direct evidence, which is direct proof of a fact -- such as the testimony of an eyewitness -- or circumstantial evidence -- which is the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence but simply requires that the jury find the facts in accordance with the evidence in the case, both direct and circumstantial.

You are not limited in your consideration of the evidence to bare words of the witnesses. You may draw whatever inferences are justified. An inference is a deduction or conclusion that reason and common sense lead one to draw from proved facts. You may not build one inference on another inference; but you may make more than one inference from the same facts or circumstances.

In making inferences, you are free to draw whatever conclusions are reasonable under all of the circumstances. Any finding of fact you make, however, must be based on probability, not possibilities. It may not be based on surmise, speculation or conjecture.

**Sources & Authority**

Devitt & Blackmar, § 72.03; O'Malley, Grenig & Lee, §104.05.

***Defendant's Proposed Instruction No. 5 -- Credibility of Witnesses*:**

As the jury, it is your duty to decide the facts of this case. One of the most important aspects of that duty is to determine which witnesses are the most truthful. Every witness is presumed to speak the truth. However, if you find the presumption of truthfulness to be outweighed as to any witness, you should give the testimony of that witness such credibility, if any, as you may think it deserves.

In deciding what to believe, you should use the tests of truthfulness that you use in your daily life. In determining the degree of credibility or weight that you will give to the testimony of the witnesses and other evidence in the case, you have the right to consider and scrutinize the witnesses in the following ways: the demeanor of the witnesses on the witness stand while testifying; their ability to recall the facts and circumstances concerning which they have testified; their frankness or lack of it; their bias or prejudice; their interest in the outcome of the case, if any; their apparent candor or fairness, intelligence, or opportunity or lack of it for knowing the truth and for having observed the facts to which they have testified; any prior inconsistent statements made by the witnesses, if proven by the evidence; and all other factors which may appear to be important to you in reaching your decision as to whether a witness is telling the truth or telling a falsehood.

If you should find that any witness has willfully testified falsely as to any material fact concerning which that witness could not reasonably have been mistaken, then you have the right to disregard, if you see fit to do so, all of the testimony of that witness or any part of the testimony of the particular witness.

A witness may be discredited or impeached by any evidence that might contradict his or her testimony. This includes but is not limited to any prior statements made by the witness that are inconsistent with his or her present testimony. If you believe any witness has been impeached and shown to have testified falsely, whether intentionally or not, it is your exclusive province to give or deny to the testimony of that witness such credence, if any, as you may think it deserves. You may believe any part or all of the testimony of a witness. You are not required to believe the testimony of any witness simply because he or she was under oath.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

### Sources & Authority

O'Malley, Grenig & Lee, §§ 105.01, 105.04.

***Defendant's Proposed Instruction No. 6 -- Expert Witnesses*:**

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists for "expert witnesses." An expert witness is a person who, by education and experience has become expert in some art, science, profession, or calling. Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, for instance if the opinion is not consistent with the evidence or is based on speculation or assumptions, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

### Sources & Authority

O'Malley, Grenig & Lee, § 104.40.

***Defendant's Proposed Instruction No. 7 – Bias***

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection which the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his testimony. In short, if you find that a witness is biased, you should view his testimony with caution, weigh it with care and subject it to close and searching scrutiny.

## Sources & Authority

*Leonard Sand, John S. Siffert, Steven A. Reiss & Nancy Batterman*, Modem Federal Jury Instructions (Civil) No. 76-2 (4th ed.);

*Davis v. Alaska*, 415 U.S. 308, 94 S. Ct. 1105 (1974).

***Defendant's Proposed Instruction No. 8-Impeachment by Prior Inconsistent Statements***

You have heard evidence that at some earlier time a witness has said or done something which counsel argues is inconsistent with the witness' trial testimony.

Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability. Evidence of a prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake, whether the inconsistency concerns an important fact, or whether it had to do with a small detail, whether the witness had an explanation for the inconsistence, and whether that explanation appealed to your common sense. It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness' testimony.

### Sources & Authority

*6 Leonard Sand, John S. Siffert, Steven A. Reiss & Nancy Batterman*, Modern Federal Jury Instructions (Civil) No. 76-5 (4th ed.).

***Defendant's Proposed Instruction No. 9-- Testimony by Deposition*:**

During the trial, certain testimony has been presented to you through depositions. The testimony of a witness who cannot be present at trial can be presented in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned those witnesses under oath. A court reporter was present and recorded the testimony.

The deposition testimony you have heard is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, in the same way as if the witness had been present and had testified from the witness stand.

**Sources & Authority**

O'Malley, Grenig & Lee, § 102.23.

***Defendant's Proposed Instruction No. 10 -- Burden of Proof***:

To establish a claim, the party asserting the claim has the duty to prove all elements of the claim by a preponderance of the evidence or by clear and convincing evidence, depending on the claim asserted. This duty is known as the burden of proof.

To establish "by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds belief that what is sought to be proved is more likely true than not true. This rule does not, of course, require proof to an absolute certainty since proof to an absolute certainty is seldom possible in any case.

"Clear and convincing evidence" is evidence that produces in your mind a firm belief or conviction as to the matter at issue. Clear and convincing evidence involves a greater degree of persuasion than is necessary to meet the preponderance of the evidence standard. As with preponderance of the evidence, this standard does not require proof to an absolute certainty.

In determining whether any fact in issue has been proved by a preponderance of the evidence or by clear and convincing evidence in this case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

## Sources & Authority

O'Malley, Grenig & Lee, §§ 104.01, 104.02.

***Defendant's Proposed Instruction No. 11 -- Damages – Proof***

In this case, if you find for the Plaintiff on one of her claims, you may award damages. However, damages are not presumed nor may they be based upon speculation, but must be proven with reasonable certainty; the burden is upon Plaintiff to prove by a preponderance of the evidence each item and element of damage claimed was caused by Defendant's alleged actions. Damage calculations based on unsupported projections are improper. Estimates of damages based entirely upon such assumptions are too remote and speculative to permit an intelligent and probable estimate of damages.

Plaintiff is not required to prove the exact amount of its damages, but it cannot rely on speculation or projections and must show sufficient facts and circumstances to permit you to make a reasonable estimate of each item. Unless such item or element of damages is proved by a preponderance of the evidence, the Plaintiff cannot recover for it.

If you are uncertain as to whether any particular element of damage claimed was caused by Defendant's conduct, or it appears just as probable that the injury or element of damage complained of resulted from a cause other than Defendant's conduct, then Plaintiff cannot recover therefor.

## Sources & Authority

*Emanuel Emroch, L. Paul Byrne & Michael J. Herbert*, Virginia Jury Instructions 2d § 23.09 (1990); Virginia Model Jury Instructions-Civil § 9.010;

*Sun Trust Bank v. Farrar*, 675 S.E.2d 187, 191 (Va. 2009).

***Defendant's Proposed Instruction No. 12 -- The Claims and Counterclaims:***

In this case, Plaintiff Luqun Liu have asserted the following claims against Defendant Xiaokui Ma:

1. Conversion;

2. Breach of the Fiduciary Duties;

3. Fraud; and

4. Unjust Enrichment

Defendant Xiaokui Ma has asserted the following counterclaims against Plaintiff Lunqun Liu:

1. Breach of Partnership Agreement;

2. Equitable Estoppel.

## Sources & Authority

Complaint, Answer and Counterclaims.

***Defendant's Proposed Instruction No.13 -- Conversion-Elements:***

Conversion is a tort involving injury to property in which one wrongfully exercises or assumes authority over another's property inconsistent with the owner's rights in that property. An action for conversion can be maintained only by a person that has a property interest in and is entitled to the immediate possession of the item alleged to have been wrongfully converted.

## Sources & Authority

*Economopoulous v. Kolaitis*, 259 Va. 806, 814, 528 S.E.2d 714, 719 (2000);

*Hartzell Fan, Inc. v. Waco, Inc.,* 256 Va. 294, 301-02, 505 S.E.2d 196, 201 (1998);

*Hairston Motor Co. v. Newsome*, 253 Va. 129, 135, 480 S.E.2d 741, 744 (1997);

*United Leasing Corp. v. Thrift Ins. Corp.,* 247 Va. 299, 305, 440 S.E.2d 902, 906 (1994);

*PGI, Inc. v. Rathe Productions, Inc.* 265 Va. 334 (2003).

***Defendant's Proposed Instruction No. 14 – Conversion-Damages:***

If you determine that Defendants are liable to Plaintiffs on their claim for conversion and if you determine that Plaintiffs have proven by a preponderance of the evidence that they incurred damages which resulted from Defendants' conduct, you may assess damages against Defendants.

The measure of damages for conversion is the fair market value of the property at the time and place of conversion. Damages are limited to the amount necessary to compensate the plaintiff for the actual losses or injuries sustained as the natural and proximate result of the conversion.

## Sources & Authority

**Case Authority:** *Staley v. Fisher*, 176 Va. 163 (1940)

***Defendant's Proposed Instruction No. 15* – Partnership**

A partnership occurs when two or more persons (or businesses) carry on a business as co-owners. In a partnership, each one is liable for the any obligation of the other that arises within the scope of the business.

**Sources & Authority**

Va. Model Jury Instruction No. 8.150 (modified).

***Defendant's Proposed Instruction No. 16 -- Fiduciary Relationship Defined:***

A partnership is a fiduciary relationship and co-partners owe to one another the highest duty of loyalty imposed by law. A fiduciary duty requires the utmost good faith and loyalty between the partners and an obligation to make full disclosure of all known information that is significant and material to the partnership.

## Sources & Authority

*Edwards Family Ltd. P'ship v. Barlow*, 915 F.2d 1564 (4th Cir. 1990);

***Defendant's Proposed Instruction No. 17 -- Breach of Fiduciary Duties - Elements:***

Under Virginia law, to succeed on a claim for breach of fiduciary duty, a plaintiff must prove:

(1) the existence of a fiduciary duty;

(2) a breach of that duty; and

(3) damages resulting from the breach.

**Sources & Authority**

*Contract Associates, Inc. v. Atalay*, 1:14-CV-882, 2015 WL 1649051, at *3 (E.D. Va. Apr. 10, 2015).

***Defendant's Proposed Instruction No. 18 – Fraud-Elements***

Fraud is an intentional or deliberate misrepresentation of the truth for the purpose of inducing another, in reliance on it, to part with a thing of value or to surrender a legal right. Fraud, then, is a deceit which, whether perpetrated by words, conduct, or silence, is designed to cause another to act upon it to his or her legal injury.

To prevail on a claim of fraud, the plaintiff must prove by clear and convincing evidence:

(1) a false representation;

(2) of a material fact;

(3) made intentionally and knowingly;

(4) with intent to mislead;

(5) reliance by the party misled; and

(6) resulting damage to the party misled.

## Sources & Authority

O'Malley, Grenig & Lee, §§ 16.08 (5th ed. 2000)

*Poth v. Russey*, 281 F. Supp. 2d 814, 2003 WL 22110459 (E.D. Va. 2003)

***Defendant's Proposed Instruction No. 19 – Fraud***

In deciding whether fraud exists, you may take into consideration the relative knowledge of the parties, their respective motives and intentions, the closeness of their relationship, the actions of the parties, the nature and character of the transaction including the adequacy of the price, and all of the other surrounding facts and circumstances.

### Sources & Authority

Virginia Model Jury Instructions, Fraud, 39.080, II-243

***Defendant's Proposed Instruction No. 20- Fraud-Burden of proof***

The burden is on the party charging fraud to prove it by clear and convincing evidence.

## Sources & Authority

*Virginia Model Jury Instructions*: Fraud, 39.070, II-241

***Defendant's Proposed Instruction No. 21 –Standard of Proof: Definition of Clear and Convincing Evidence***

When a party has the burden of proving an issue by clear and convincing evidence, he must produce evidence that creates in your minds a firm belief or conviction that he has proved the issue.

**Sources & Authority**

Virginia Model Jury Instructions § 3-6

***Defendant's Proposed Instruction No. 22- action to fraud***

If a party discovers he has been defrauded, he has a duty to take reasonably prompt action to repudiate the contract.

## Sources & Authority

*Virginia Model Jury Instructions:* Fraud, 39.045, II-235

***Defendant's Proposed Instruction No. 23 – Unjust Enrichment - General:***

Unjust enrichment occurs when one party has received a benefit at the expense of another. An injustice would occur if that party is allowed to keep that benefit without paying for it. A benefit for purposes of an unjust enrichment claim is any form of advantage that has a measurable value.

**Sources & Authority**

*Kern v. Freed Co., Inc.*, 224 Va. 678, 680 (1983);

*Marine Development Corp. v. Rodak,* 225 Va. 137, 140-43 (1983);

*Datastaff Technology Group, Inc. v. Centex Constr. Co., Inc.,* 528 F. Supp. 2d 587, 598-99 (E.D. Va. 2007).

***Defendant's Proposed Instruction No. 24 – Unjust Enrichment – Element:***

To succeed on its unjust enrichment claim, the plaintiff has the burden of proving each of the following by a preponderance of the evidence:

(1) the plaintiff conferred a benefit on the defendant;

(2) the defendant knew of the benefit and should reasonably have expected to pay the plaintiff; and

(3) ) the defendant accepted or retained the benefit without paying for its value.

The word "conferred" in this context includes situations in which the defendant, without authorization, takes a benefit from the plaintiff even when the plaintiff has not voluntarily bestowed the benefit on the defendant.

## Sources & Authority

*Nossen v. Hoy,* 705 F. Supp. 744-45 (E.D. Va. 1990);

In re *Bay Vista of Va., Inc.,* No. 2:09cv46, 2009 WL 2900040, at *5 (E.D. Va. June 2, 2009).

***Defendant's Proposed Instruction No. 25-Compensatory Damages - Other Causes of Action***

If you find Defendant liable to Plaintiff on Plaintiff's claims for breach of fiduciary duty, tortious interference, conspiracy, or conversion/detinue claims, you must determine the amount of damages suffered by Plaintiff.

You shall consider as elements of damages claimed by Plaintiff all losses actually sustained by Plaintiff which are a direct and natural consequence of Defendant's conduct, including but not limited to past, present, and future lost profits.

**Sources & Authority**

Virginia Model Jury Instructions (Civil) No. 45.500

*Defendant's Proposed Instruction No. 26 -- Punitive Damages*

If you find for Plaintiff on her fraud claims, and you award actual damages, you may also consider whether you will separately award punitive damages. If you do not find actual damages, you cannot consider punitive damages. You may not award punitive damages for the breach of contract, breach of good faith and fair dealing, Lanham Act or statutory conspiracy claims or counterclaims.

If you find that Palintiff is entitled to be compensated for her damages as a result of Defendant's actions, and if you further believe by the greater weight of the evidence that Defendant acted with actual malice toward Plaintiff, then you may also award punitive damages to Plaintiff to punish Defendant for her actions and to serve as an example to prevent others from acting in a similar way.

"Actual malice" is a sinister or corrupt motive such as hatred, personal spite, ill will, or a desire to injure Plaintiff.

If you award punitive damages, you must state separately in your verdict the amount you allow as compensatory damages and the amount you allow as punitive damages. If you do award punitive damages, the amount you award must be reasonably related to the amount awarded for compensatory damages.

## Sources & Authority

Virginia Model Jury Instructions 9.080; 9.090;

*PBM Products, Inc. v. Mead Johnson & Co.*, 174 F.Supp.2d 424 (E. D. Va. 2001);

*Multi-Channel TV Cable Company v. Charlottesville Quality Cable Operating Co.,* 108 F.3d 522 (4th Cir.1997).

***Defendant's Proposed Instruction No.27- Partnership Agreement***

A contract of partnership is where parties join together their money, goods, labor, or skill, for the purposes of trade or gain, and where there is a community of profits.

**Sources & Authority**

The Detroit, 63 U.S. 330, 333, 16 L. Ed. 249 (1859)

***Defendant's Proposed Instruction No.28- Partnership Agreement-  Executory Contract***

Courts have generally held partnership agreements to be a form of executory contract.

## Sources & Authority

*Breeden v. Catron* (In re Catron), 158 B.R. 624, 626 (Bankr.E.D.Va.1992) (Tice, J.), aff'd, 158

B.R. 629 (E.D.Va.1993), aff'd, 25 F.3d 1038 (4th Cir.1994).

***Defendant's Proposed Instruction No.29-Contract***

A contract is an agreement, for consideration, between two or more parties. A contract arises when an offer is accepted. Consideration is the value exchanged between the parties to the contract.

## Sources & Authority

Va. Model Jury Instruction No. 45.010 and 45.040 (modified);

*GSHH-Richmond, Inc. v. Imperial Associates*, 480 S.E.2d 482, 484 (Va. 1997).

***Defendant's Proposed Instruction No.30-*breach of contract**

A material breach of contract occurs if a party fails to do something which he is bound to do according to the contract which is so important and central to the contract that the failure defeats the very purpose of the contract.

Failure to pay for goods or services without justification may constitute a material breach of contract so as to entitle a party to damages from such breach.

### Sources & Authority

Va. Model Jury Instruction No. 45.400 and comments.

***Defendant's Proposed Instruction No.31-*Contract Construed as a Whole**

The contract should be considered as a whole; no part of it should be ignored. The contract should be interpreted to give effect to each of the provisions in it. No word or phrase in a contract should be treated as meaningless if any meaning which is reasonable and consistent with other parts of the contract can be given to it.

### Sources & Authority

2-45 Virginia Model Jury Instructions - Civil Instruction No. 45.300

*First American Bank v. J.S.C. Concrete Constr.*, 259 Va. 60, 69, 523 S.E. 2d 496, 501 (2000)

***Defendant's Proposed Instruction No.32- Contract- Accord and satisfaction***

An accord is an agreement by one party to supply or perform, and by the other party to accept, in settlement or satisfaction of an existing claim, something other than what was originally due.

Satisfaction is the execution and/or performance of the agreement, the actual giving or taking of some agreed upon item or service

## Sources & Authority

John Massman Const. Co., 23 Cl. Ct at 29. Owen, 185 Va. at 124, 37 S.E.2d 759

***Defendant's Proposed Instruction No.33-Damages: Direct***

If you find your verdict for the defendant on its counterclaim for breach of contract, then it is entitled to recover as damages all of the losses it sustained that are a natural and ordinary result of the breach and that it has proved by the greater weight of the evidence.

**Sources & Authority**

2-45 Virginia Model Jury Instructions - Civil Instruction No. 45.500

*Sunrise Continuing Care, LLC v. Wright*, 277 Va. 148, 156, 671 S.E.2d 132, 136 (2009)

***Defendant's Proposed Instruction No.34-Investment Immigration-Employment creation***

Visas shall be made available, in a number not to exceed 7.1 percent of such worldwide level, to qualified immigrants seeking to enter the United States for the purpose of engaging in a new commercial enterprise (including a limited partnership)—

    (i)      in which such alien has invested (after November 29, 1990) or, is actively in the process of investing, capital in an amount not less than the amount specified in subparagraph (C), and

    (ii)     which will benefit the United States economy and create full-time employment for not fewer than 10 United States citizens or aliens lawfully admitted for permanent residence or other immigrants lawfully authorized to be employed in the United States (other than the immigrant and the immigrant's spouse, sons, or daughters).

### Sources & Authority

8 U.S.C. § 1153(b)(5)(A).

***Defendant's Proposed Instruction No.35- Amount of capital required-In General***

Except as otherwise provided in this subparagraph, the amount of capital required under subparagraph (A) shall be $1,000,000. The Attorney General, in consultation with the Secretary of Labor and the Secretary of State, may from time to time prescribe regulations increasing the dollar amount specified under the previous sentence.

**Sources & Authority**

8 U.S.C. § 1153(b)(5)(C).

***Defendant's Proposed Instruction No.36- Elements of Equitable Estoppel***

A Party seeking to establish the doctrine of equitable estoppel must prove: (1) A representation; (2) Reliance on the Representation; (3) A change of position; and (4) Diriment.

**Sources & Authority**

*United States v. Fid. & Caus Co.,* 402 F.2d 893, 898 (4th Cir. 1968)

***Defendant's Proposed Instruction No.37- Effect of Equitable Estoppel***

A person or a party is estopped, or prevented, from denying something that their conduct has caused another person to act upon as true.

**Sources & Authority**

*Harris v. City of Roanoke,* 179 Va. 1, 6, 18 S.E.2d 303, 305 (Va. 1942).

***Defendant's Proposed Instruction No.38- Definition of Reliance***

Reliance is a belief that a representation is true which causes a person to take action he would not otherwise have taken [not to take action he otherwise would have taken.

## Sources & Authority

2-39 Virginia Model Jury Instructions - Civil Instruction No. 39.030

*Colonial Ford Truck Sales, Inc. v. Schneider*, 228 Va. 671, 677, 325 S.E.2d 91, 94 (1985)

**Defendant's Proposed Instruction No. 39 - Duty to Deliberate:**

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

### Sources & Authority

O'Malley, Grenig & Lee, § 106.01.

***Defendant's Proposed Instruction No. 40-Judge's Opinion***

Neither in these instructions nor in any ruling, action or remark that I have made during the course of this trial have I intended to give any opinion or suggestion as to what your verdict[s] should be.

**Sources & Authority**

Diamond-8 Modern Federal Jury Instructions-Civil 3.02

***Defendant's Proposed Instruction No. 41 -- Foreperson and Verdict Forms*:**

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesman here in Court.

A form of special verdict, and a form of general verdict, have been prepared for your convenience. You will take these forms to the jury room. After you have completed your findings as called for by the questions set forth on the special verdict, you will then consider your general verdict, forms of which have been prepared for your convenience.

When you have reached unanimous agreement as to your general verdict, you will have your foreperson fill in, date and sign the form that sets forth the verdict upon which you unanimously agree; and then return both the completed special verdict and the completed general verdict to the courtroom.

**Sources & Authority**

O'Malley, Grenig & Lee, § 106.06.

***Defendant's Proposed Instruction No. 42 -- Verdict Is Jury's Responsibility***

Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

**Sources & Authority**

O'Malley, Grenig & Lee, § 106.07.

***Defendant's Proposed Instruction No. 43 -- Communications with the Court*:**

If it becomes necessary during your deliberations to communicate with me, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing, and I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

Bear in mind that you are never to reveal to any person -- not even to me -- how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

**Sources & Authority**

O'Malley, Grenig & Lee, § 106.08.