# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| LUQUN LIU,<br><br>   Plaintiff,<br><br> v.<br><br><br>XIAOKUI MA,<br><br>   Defendant. | CASE NO. 1:15 -cv-01026 (JCC/TCB) |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR A NEW TRIAL**

  Shaoming Cheng, Esquire and Cheng Yun Law PLLC (hereinafter "Counsel"), Counsel for Defendant, Counter Plaintiff, Xiaokui Ma ("Defendant"), submit this memorandum in support of their motion for a new trial on the claim of fraud pursuant to Fed. R. Civ. P. 59(a).

  **I. INTRODUCTION**

  Plaintiff Luqun liu ("Plaintiff") filed a lawsuit alleging conversion, breach of fiduciary duty, fraud and unjust enrichment against Defendant on August 13, 2015. The Count I conversion and Count III fraud were tried before a jury on the June 7-9, 2016. Judgment was entered in favor of defendant and against plaintiff as to Count I, Conversion. As to Count III, Fraud, Judgment was entered in favor of plaintiff and against defendant in the amount of $20,000.00 compensatory damages and $160,000.00 punitive damages. Defendant files this motion with regard to the claim of fraud.

  **II. STATEMENT OF FACTS**

According to Plaintiff's testimony in trial, Plaintiff knows that Defendant is experienced in operating gymnastics business in the U.S.. Plaintiff would develop her business in the U.S. Thus, Plaintiff chose to cooperate with Defendant and invested $1,000,000 in Today's Kid LLC. Further, Plaintiff was aware that she would be investing a business which would not be gymnastics business with Defendant before she invested in Today's Kids LLC which is an art center. In August 2013, After Plaintiff transferred the fund to the U.S., she was told the investment would be a fraud by Defendant's employees who were just fired. Defendant had to promised to prepare a deed of trust to secure Plaintiff's investment. Defendant properly delivered a deed of trust dated August 27, 2013 to Plaintiff before Plaintiff came back to China in the same month. The Deed of Trust was not recorded at that point since both parties had no time to perfect the document.

Later on, the Plaintiff and the Defendant decided to dissolve the LLC established in Virginia and form the Partnership in Delaware for Plaintiff's benefit. Both parties entered into an Agreement of Limited Partnership for this partnership dated August 13, 2013. Due to the Plaintiff physically resides in China, both parties agreed that the Plaintiff is the limited partner and the Defendant is the general partner pursuant to the partnership agreement. Therefore, the LLC was converted to the Partnership on August 14, 2013. According to Mr. Chen Zhang's testimony in court, Plaintiff was advised about this matter properly by her attorney Chen Zhang before she signed the agreement. She was aware that she would not have equal control over the management of Today's Kids LP as a limited partner.

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 59 provides this Court with the authority to grant a new trial on all issues, either on its own motion or on the motion of any party. The Fourth Circuit

recognizes that "the power and duty of the trial judge to set aside a verdict ... is well established, the exercise of the power being regarded not in derogation of the right of trial by jury but one of the historic safeguards of that right." *Virginian Railway Co. v. Armentrout*, 166 F.2d 400, 408 (4th Cir. 1948).

After this Court announced the jury's verdict in favor of the Plaintiff, the Defendant made a motion for a new trial pursuant to a Fed. R.Civ.P. 59(a) (hereinafter "Rule 59(a)"). The case law has recognized three bases for such a motion: (1) the verdict is against the clear weight of the evidence, or (2) is based on false evidence, or (3) will result in a miscarriage of justice. *Cline v. Wal-Mart Stores, Inc.*, 144 F.3d 294, 305 (4th Cir. 1998). The Defendant contends that the jury's verdict in this case is contrary to the clear weight of the evidence. Under Rule 59, the trial judge has a duty to weight the evidence and the credibility of the witnesses to see whether the verdict is against the clear weight of the evidence. *Gill v. Rollins Protective Services Co.*, 773 F.2d 592, 595 (4th Cir. 1985).

A new trial may be granted on a single issue where the issues are separable and the error did not affect the determination of other issues. *Great Coastal Express, Inc. v. International Bhd. of Teamsters*, 511 F.2d 839, 847 (4th Cir. 1975). This Court has the discretion to grant a new trial on any or all issues "because the district judge is in a position to see and hear the witnesses and is able to view the case from a prospective that an appellate court can never match." *Bristol Steel & Iron Works, Inc. v. Bethlehem Steel Corp.*, 41 F.3d 182, 186 (4th Cir. 1994). On appeal the trial court's decision will be affirmed absent the most exceptional circumstances. *Id*. The Fourth Circuit has indicated that the "crucial inquiry" for the trial court in determining whether to grant a new trial is "whether an error occurred in the conduct of the trial that was so grievous as to have rendered the trial unfair." *Id*. at 186 (quoting *DMI, Inc. v. Deere & Co.*, 802 F.2d 421, 427 (4th.

Cir. 1986)).

Unlike a motion for judgment as a matter or law, previously a judgment notwithstanding the verdict, which requires the court to view the evidence in the light most favorable to the nonmoving party, a Rule 59 motion for a new trial requires the court to consider the weight of the evidence and consider the credibility of witnesses. *Lee v. Adrales*, 778 F. Supp. 904, 907 (W.D. Va. 1991), and Cline v. Wal-Mart Stores, Inc., 144 F.3d 294, 301 (4th Cir. 1998).

IV. ARGUMENT

The jury's verdict as to the fraud claim is against the clear weight of the evidence. Additionally, the award of damages is against the clear weight of the evidence and will result in a miscarriage of justice. Defendant is entitled to a new trial as to the fraud claim because the verdict is not support by the evidence and failure to order a new trial will result in a miscarriage of justice

**A. The Evidence Presented at Trial Did Not Support a Verdict for the Plaintiff on the Fraud Claim.**

Plaintiff alleges that Defendant made three misrepresentations regarding her investment in the amount of $1,000,000 in Today's Kid LP. The first alleged misrepresentation was that Plaintiff would be investing in gymnastics business. The second alleged misrepresentation was that Defendant would issue a deed of trust as security on Plaintiff's investment. The third alleged misrepresentation was that Plaintiff and defendant would have equal control over the management of Today's Kids LLC, and that Plaintiff would have to ability to ensure that the investment monies would be used for legitimate business purposes and not for purposes she disapproved of.

As for the first alleged misrepresentation, Plaintiff testified that she was aware that she

would be investing a business which is not gymnastics business but an art center. There was no false representation of an actually existing or past material fact. Thus, the first alleged misrepresentation could not be proved by clear and convincing evidence

Further, Plaintiff and Defendant both testified that Defendant did deliver the original copy of deed of trust to Plaintiff properly. The deed of trust is valid without recording it with court. Plaintiff still has priority right on the deed of trust when the she recorded it after two years. In other words, later perfection of the deed of trust does not affect Plaintiff's priority right. Plus, Plaintiff could record it at any time. Thus, the second alleged misrepresentation could not be proved by clear and convincing evidence.

Moreover, according to Plaintiff's attorney Chen Zhang's testimony in court, Plaintiff was advised her rights and obligation to convert the Today's Kid LLC to Today's Kid LP. Afterwards, Plaintiff signed the partnership agreement of Today's Kids LP and her EB-5 immigration petition which showed she would invest in Today's Kids LP.

Motions for a new trial under Rule 59(a) require the trial judge to weigh the evidence and the credibility of the witnesses. *Gill v. Rollins Protective Svcs*., supra. As the case law makes clear, it is not sufficient for there to be substantial evidence supporting the verdict; it must be established by the clear weight of the evidence. *Lee v. Andrales*, supra. Therefore, the evidence presented at trial did not support a verdict for the Plaintiff on the fraud Claim. The verdict for plaintiff on the fraud claim was against the clear weight of evidence.

**B. The Excessive Damages Awarded Constitute a Miscarriage of Justice**

The doctrine of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), precludes a recovery in federal court which is significantly larger than the recovery that would have been tolerated in state court, when the federal court addresses a state law claim. *Konkel v. Bob Evans Farms, Inc*.,

165 F.3d 275, 280 (4th Cir. 1999). Therefore, state law standards apply when a federal court considers a motion for a new trial based on the alleged excessiveness of the jury's damages awards. *Id*.

Under Virginia law, a jury's award of damages may be set aside if "the damages are so excessive or so small as to shock the conscience and to create the impression that the jury has been influenced by passion or prejudice or has in some way misconceived or misinterpreted the facts or the law which should guide them to a just conclusion." *Downer v. CSX Transp., Inc.* 256 Va. 590, 594, 507 S.E.2d 612, 615 (1998). "Courts have the duty to correct a verdict that plainly appears to be unfair or would result in a miscarriage of justice." *Poulston v. Rock*, 251 Va. 254, 258, 467 S.E.2d 479, 481 (1996). Additionally, if "the award is so out of proportion to the injuries suffered as to suggest that it is not the product of a fair and impartial decision" compel setting aside the damages. *Id*.

The jury was influenced inappropriately by the testimony of Plaintiff regarding the validity of deed of trust. There was not enough evidence of economic injury on the fraud claim. The actual value of the investment Plaintiff made at the time of the alleged fraud and the value of Plaintiff's invest if Defendant allegedly fraudulent representations had been true were same in the amount of $1,000,000.

The punitive damages awarded against Defendant were so excessive as to shock the conscience. No evidence shows Defendant acted with actual malice towards Plaintiff regarding to Plaintiff's investment. Plus, Ms. Chen Zhang's testimony shows that converting Today's Kids LLC to Today's Kids LP was for Plaintiff's immigration purpose which Plaintiff was fully aware of. Defendant. Willful and wanton disregard of Plaintiff's rights does not exist. This jury's award was influenced by the partiality and prejudice implicated by the improper additional

evidence of the Plaintiff, which also must have misled the jury as to the elements and merits of the fraud claim. This entitles Defendant to a new trial under Rule 59. Defendant satisfies the standard for the standard for a new trial.

## V. CONCLUSION

For the foregoing grounds and reasons, the Defendant, Xiaokui Ma, respectfully requests that this Court set aside the jury's verdict and order a new trial of this matter pursuant to Fed. R.Civ.P. 59(a).

Respectfully submitted,

_____/s/_____
Shaoming Cheng, Esq. (VSB: 80218)
Cheng Yun Law, PLLC
6720 Deer Ridge Trail
Springfield, VA 22150
Tel: 703-887-6786
Fax: 888-510-6158
jcheng@chengyunlaw.com

Dated: July 6th, 2016

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of July, 2016, I will electronically file the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

John E. Coffey, Esq.
Redmon, Peyton & Braswell, LLP
501 King St., Suite 301
Alexandria, VA 22314
Tel: (703) 684-2000
Fax: (703) 684-5109
E-mail: jcoffey@rpb-law.com


John F. Innelli, Esq.
John F. Innelli, LLC
1818 Market Street, Suite 3740
Philadelphia, Pa. 19103
Tel: 267-238-9884
Fax: 215-561-0012
jinnelli@innellilaw.com


          _____/s/_____
          Shaoming Cheng, Esq. (VSB: 80218)
          Cheng Yun Law, PLLC
          6720 Deer Ridge Trail
          Springfield, VA 22150
          Tel: 703-887-6786
          Fax: 888-510-6158
          jcheng@chengyunlaw.com