IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| LUQUN LIU | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Civ. Act. No: 1:15-CV-1026-JCC-TCB ) |
| XIAOKUI MA | ) ) |
| Defendant. | ) ) |

## XIAOKUI MA'S MOTION FOR JUDGMENT AS A MATTER OF LAW AS TO PUNITIVE DAMAGES AWARD

Pursuant to Fed. R. Civ. P. 50, Xiaoku Ma ("Ms. Ma.") moves for judgment as a matter of law that the jury's award of punitive damages be reversed.

### I. ARGUMENT

On June 13, 2016, judgment was entered against Ms. Ma for $160,000.00 punitive damages. Punitive damages are designed to warn others and to punish the wrongdoer if she has acted wantonly, oppressively, or with such malice as to evince a spirit of malice or criminal indifference to civil obligations (hereinafter "actual malice"). *See, e.g., Giant of Virginia, Inc. v. Pigg*, 207 Va. 679, 686, 152 S.E.2d. 271, 277 (1967); Virginia Model Jury Instructions 9.080; 9.090; *PBM Products, Inc. v. Mead Johnston & Co.* 174 F.Supp.2d 424 (E.D. Va. 2001); *Multi-Channel TV Cable Company v. Charlottesville Quality Cable Operating Co.*, 108 F.3d 522 (4th Cir. 1997).

All of the evidence introduced at trial, including from the plaintiff, was that the money invested in the Today's Kids art center ("Today's Kids") by Luqun Liu ("Ms.

Liu") was used to advance the business. Today's Kids was, unfortunately, ultimately unsuccessful. There was, moreover, evidence that there was some lack of communication between Ms. Ma and Ms. Liu at the earliest stages of the business while the Today's Kids facility was being built, early hires were being made, and ultimately unfortunately some key Today's Kids personnel eventually left over the failure to raise additional investment that would have enabled the construction of a theater. On the basis of that evidence, the jury found fraud and awarded compensatory damages of $20,000, a minimal award given that the plaintiff Ms. Liu's investment was $1 million and Ms. Liu sought damages of that full amount as well as interest, which would have amounted to $1.3 million. So while the jury did find there was some fraudulent behavior on Ms. Ma's part warranting a $20,000 compensatory award, the amount of that award clearly shows that the jury accepted that the vast majority of the $1 million investment in question was in fact used to develop a business that was simply unsuccessful, not a fraud.

However lack of communication and failure of a genuine effort to develop Today's Kids amounting to a fraud award of $20,000, which at its peak had over 200 students, does not show actual malice on Ms. Ma's part warranting a punitive damages award of any amount, let alone the $160,000 awarded. Ms. Liu, in fact, was living in Ms. Ma's house for much of the time the $1 million investment was made and being used to develop Today's Kids. Indeed at one point Ms. Liu intruded into Ms. Ma's bedroom to demand she execute a $1,000,000 deed of trust to the building Today's Kids occupies, which in fact Ms. Ma did execute. This evidence hardly demonstrates actual malice of Ms. Ma against Ms. Liu. If anything the evidence supports a finding of actual malice of Ms. Liu against Ms. Ma. However, the failure of a genuine effort to develop Today's

Kids, even with some fraud warranting (in the jury's view) a $20,000 compensatory award, does not support a finding of actual malice. Nor was there any evidence supporting such a finding introduced at trial.

Ms. Ma accordingly requests a reversal of the jury's punitive damages award pursuant to Fed. R. Civ. P. 50.

## II. CONCLUSION

For the foregoing reasons Ms. Ma respectively requests that the Court reverse the jury's punitive damages award.

/s/ Geoffrey Mason

Geoffrey Mason, Esq. *pro hac vice*
Cogent Law Group, LLP
1875 K Street, NW
Fourth Floor
Washington, D.C. 20006

## CERTIFICATE OF SERVICE

The undersigned certifies that the counsel of record for plaintiffs were served by U.S. Postal Service at the following address on July 11, 2016:

>John E. Coffey
>Redmon, Peyton & Braswell LLP
>510 King Street
>Suite 301
>Alexandria, VA 22314

_____
Geoffrey Mason, Esq.