IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| LUQUN LIU | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) Civil Action No.: 1:15cv1026 (JCC/TCB) |
| XIAOKUI MA | ) |
| Defendant. | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR
JUDGMENT AS A MATTER OF LAW AS TO PUNITIVE DAMAGES AWARD**

The Plaintiff, Luqun Liu, by counsel, hereby responds to Defendant's Motion for a Judgment as a Matter of Law as to Punitive Damages Award.

**I.    Facts**

On June 9, 2016, the jury in this matter found Defendant Xiaokui Ma had engaged in fraud in order to obtain monies from Plaintiff Luqun Liu.

Prior to the case being submitted to the jury Defendant Ma did not make a motion for judgment as a matter of law with regard to the issue of punitive damages.  As reflected in the court's minute entry of June 8, 2016, the Defendant moved to dismiss the fraud, conversion, and unjust enrichment claims (Docket #70).  The Defendant, however, did not move to strike the Plaintiff's claim for punitive damages.  The Defendant further did not object to the jury being instructed on the claim for punitive damages.

After the jury returned its verdict, the Court noted that the jury had a legally sufficient evidentiary basis for the verdict, stating: "I think your verdict is certainly supported by the evidence."  *See,* Transcript of Trial, Day 3 at page 8, lines 14-15 (attached hereto as Exhibit 1).

On July 11, 2016, Defendant Ma filed her Motion for Judgment as a Matter of Law as to

Punitive Damages Award.  The Defendant had previously filed a Rule 59 (a) Motion to Set Aside the Verdict.  Defendant's counsel has since advised Plaintiff's counsel that the Rule 59(a) Motion will be withdrawn.  The Plaintiff accordingly does not address the Rule 59(a) Motion herein.

**II.     Argument**

A motion pursuant to Federal Rule of Civil Procedure 50, by its plain language, requires the motion to be made *before* the case is submitted to the jury.  Fed. R. Civ. P. 50 (a)(2).  In this case, the Defendant did not make a motion to strike the Plaintiff's claim for punitive damages before the case was submitted to the jury.  The Defendant further did not object to any of the instructions on punitive damages.  Indeed, the Defendant herself proposed a punitive damages instruction.  See, Defendant's Proposed Jury Instructions, Instruction 26 (Docket # 61)

A party who neglects to raise an issue in a pre-verdict motion for judgment as a matter of law, waives the opportunity to include that issue in a post-verdict motion.  *See, e.g., US Ex Rel. Herndon v. Appalachian Regional Community Head Start, Inc.,* 674 Supp. 2d 773 (W.D. Va. 2009).  Because Defendant Ma did not make a timely motion for a judgment as a matter of law as to punitive damages, under Rule 50(a) there is no basis for consideration of the Defendant's Motion.

In all events, there was ample evidence to support the jury's verdict.  In assessing whether there is a legally sufficient evidentiary basis to support a jury verdict on a motion for judgment as a matter of law, the court should not attempt to substitute its judgment for the jury, weigh evidence, or pass on the credibility of witnesses; in determining the motion, the evidence must be construed in the light most favorable to the party against whom the motion is made, giving that party the benefit of all inferences.  *Szedlock v. Tenet*, 139 F. Supp. 2d 725 (E.D. Va. 2001).

In that regard, Defendant's Motion does nothing more than reargue the case, asking the court to weigh evidence and make assumptions not borne out by the record as to the meaning behind the jury's award of $20,000 in compensatory damages. The case went to the jury on the Plaintiff's claim of fraud, and a verdict thereon was returned. The Defendant does not challenge the jury's finding of fraud. When viewed in the light most favorable to the Plaintiff, it cannot be said that an award of punitive damages based upon a finding of fraud is unreasonable. In that respect, as the court noted to the jury, this "verdict is certainly supported by the evidence."

**IV. Conclusion**

For the foregoing reasons, Plaintiff moves the court to deny Defendant's Motion for Judgment as a Matter of Law as to Punitive Damages Award.


_____/s/_____
John E. Coffey (VSB #19086)
**Redmon, Peyton & Braswell, LLP**
510 King Street, Suite 301
Alexandria, VA 22314
703-684-2000
703-684-5109 (Fax)
jcoffey@rpb-law.com
*Local Counsel for Plaintiff*

John F. Innelli (PA Bar #34466)(*pro hac vice*)
**John F. Innelli, LLC**
Two Penn Center
Suite 1300
Philadelphia, PA 19102
(215) 845-0250
(215) 845-0255 (fax)
jinnelli@innellilaw.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of July, 2016 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel named below, and simultaneously sent a copy by electronic mail to counsel named below:

>Shaoming Cheng, Esq.
>Cheng Yun & Associates, PLLC
>6720 Deer Ridge Trail
>Springfield, VA 22150
>Tel: 703-887-6786
>Fax: 888-510-6158
>jcheng@chengyunlaw.com
>
>Geoffrey Mason, Esq.
>Evan Smith, Esq.
>Cogent Law Group
>1875 K. Street, NW
>4th Floor
>Washington, DC 20006
>Tel: 202-669-4585
>Fax: N/A
>gmason@cogentlaw.co
>esmith@cogentlaw.co

>/s/
>John E. Coffey (VSB #19086)
>**Redmon, Peyton & Braswell, LLP**
>510 King Street, Suite 301
>Alexandria, VA 22314
>703-684-2000
>703-684-5109 (Fax)
>jcoffey@rpb-law.com
>*Counsel for Plaintiff*