# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| LUQUN LIU, <br><br> Plaintiff, <br><br> v. <br><br><br> XIAOKUI MA, <br><br> Defendant. | CASE NO. 1:15 -cv-01026 (JCC/TCB) |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO RECONSIDER**

Shaoming Cheng, Esquire and Cheng Yun Law PLLC (hereinafter "Counsel"), Counsel for Defendant, Xiaokui Ma ("Defendant"), submit this memorandum in support of their motion to reconsider pursuant to Fed. R. Civ. P.60 (b).

**I.  STATEMENT OF FACTS**

Plaintiff Luqun liu ("Plaintiff") filed a lawsuit alleging conversion, breach of fiduciary duty, fraud and unjust enrichment against Defendant on August 13, 2015. The Count I conversion and Count III fraud were tried before a jury on the June 7-9, 2016. Judgment was entered in favor of defendant and against plaintiff as to Count I, Conversion. As to Count III, Fraud, Judgment was entered in favor of plaintiff and against defendant in the amount of $20,000.00 compensatory damages and $160,000.00 punitive damages.

Defendant's Counsel Shaoming Cheng filed a Motion for a New Trial on the Claim of Fraud on July 6, 2016 (Dkt #79). Afterwards, Defendant agreed to file Motion for Judgment as a

Matter of Law with regard to the Punitive Damages. Since counsel Shaoming took a business trip in China, another Counsel for Defendant Mr. Geoffrey Mason filed a Motion for Judgment as a Matter of Law with regard to the punitive damages on behalf of Defendant's Counsel Evan Smith with clerk office on July 11, 2016 (Dkt # 84).  Counsel Mr. Mason had to spend hours on filing this motion in the clerk's office because he had to work on the issue that Counsel Shaoming Cheng was unable to sign off the Motion at that time with clerks.

The hearing for Motion for a New Trial was set on August 11, 2016 (Dkt #87). Afterwards, Plaintiff filed a motion to extend the time to respond to Defendant's Motion for a New Trial on the Claim of Fraud, as well as Defendant's Motion for Judgment as a Matter of Law as to Punitive Damages on July 19, 2016 (Dkt # 86). Thus, both Motions were believed by Defendants that they would be heard on August 11, 2016 together.  However, the Motion for a New Trial on the Claim of Fraud was withdrawn on July 27, 2016 (Dkt #89).  On August 10, 2016, Defendant's Counsels were told there would be not hearing set on the docket on August 11, 2016 for this case by the clerk office through the phone. Therefore, Defendant's counsel was about to file the notice of hearing for Motion for Judgment as a Matter of Law as to Punitive Damages while the court issued the order that this motion is deemed withdrawn on August 11,2016 (Dkt # 90).

## II.     STANDARD OF REVIEW

Fed.R.Civ.P. 60(b) provides a basis for reconsideration in limited circumstances. Rule 60(b) permits the court to relieve a party from a final judgment, order, or proceeding. Under Fourth Circuit jurisprudence, a movant seeking relief under Rule 60(b) must first make four threshold showings before the court will even consider the motion: (1) timeliness (i.e., the request for relief must be filed no later than one year after the date of the order from which the

movant seeks relief); (2) a meritorious claim, meaning that the moving party must show that, if relieved from the order and given another chance to litigate the underlying issues, he will have meritorious arguments; (3) a lack of unfair prejudice to the opposing party; and (4) exceptional circumstances. *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993).

This Court has also been guided by Rule 60(b) which allows a court to modify an order on grounds of mistake, inadvertence, excusable neglect or any other reason justifying relief. *Deshazo v. Smith,* 2006 WL 3424045 (E.D.Va. Nov. 22, 2006) (motion for reconsideration granted in the interests of justice).

### III.    ARGUMENT

#### A.  Rule 60(b) Threshold Showing

1. Timelines

There is no issue that Defendants' Motion is timely.  Motions under Rule 60(b)(1) must be made within a year of the entry of judgment or order.  *See* Fed.R.Civ.P. 60(c)(1). Here, the Court issued the Order on August 11, 2016, and Defendants filed the instant Motion on August 16, 2016, well within the one year time limit.

2. Lack of Unfair Prejudice to Plaintiff

The Fourth Circuit has found that the kind of prejudice that accompanies any vacated judgment: the protraction of litigation, the time and expense of a new trial, the loss of post-judgment interest, and the loss of leverage in settlement discussions; does not constitute prejudice as contemplated by Rule 60(b). *Werner v. Carbo,* 731 F.2d 204, 207 (4th Cir. 1984). In this case, Plaintiff already filed Opposition to Defendant's Motion for Judgment as a Matter of Law as to Punitive Damages Award on July 27, 2016 (Dkt # 88). Granting Defendants' Motion would simply require the parties to resume litigation of this case and to proceed with post-trial

motions, burdens which do not meet the Rule 60(b) standard for unfair prejudice.

3. <u>Meritorious Defense</u>

The purpose of the meritorious defense requirement is to ensure that granting relief from the judgment under Rule 60(b) would not "in the end [be] a futile gesture." *Boyd v. Bulala*, 905 F.2d 764, 769 (4th Cir.1990). In determining whether a moving party has a meritorious defense, "the trial court must have before it more than mere allegations that a defense exists." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir.1970).

Here, Defendant argues that she has a meritorious defense against the verdict with regard to the punitive damages on the ground of all the evidence introduced at trial hardly demonstrates actual malice of Ms. Ma against Ms. Liu.

4. <u>Exceptional Circumstances</u>

There are few cases in which Fourth Circuit courts have actually found exceptional circumstances. Despite the limited number of examples, Defendant believes that the misunderstanding regard with the hearing for said two motions, would qualify as an exceptional circumstance.

**B. Rule 60(b) Grounds for Relief**

Because filling issue of the Motion and misunderstanding of the hearing date, failed to set the hearing for Motion for Judgment as a Matter of Law with regard to the punitive damages that constitutes a "mistake" or "excusable neglect" under Rule 60(b)(1).

Furthermore, Rule 60(b)(6) has very broad language: "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60. A sub-species of 60(b)(6), failing to file notice of hearing timely upon court, is assumed in the broad language of 60(b)(6).

## IV.  CONCLUSION

For the foregoing grounds and reasons, the Defendant, Xiaokui Ma, respectfully requests that this Court withdraws this Honorable Court's order dated August 11, 2016 (Dkt # 90) that Defendant's Motion for Judgment as a Matter of Law as to Punitive Damages (Dkt #84) is deemed withdrawn pursuant to Fed. R.Civ.P. 60.

                                        Respectfully submitted,

                                        _____/s/_____
                                        Shaoming Cheng, Esq. (VSB: 80218)
                                        Cheng Yun Law, PLLC
                                        6072 Deer Ridge Trail
                                        Springfield, VA 22150
                                        Tel: 703-887-6786
                                        Fax: 888-510-6158
                                        jcheng@chengyunlaw.com

Dated: <u>August 18, 2016</u>

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18 day of August, 2016, I will electronically file the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

John E. Coffey, Esq.
Redmon, Peyton & Braswell, LLP
501 King St., Suite 301
Alexandria, VA 22314
Tel: (703) 684-2000
Fax: (703) 684-5109
E-mail: jcoffey@rpb-law.com

John F. Innelli, Esq.
John F. Innelli, LLC
1818 Market Street, Suite 3740
Philadelphia, Pa. 19103
Tel: 267-238-9884
Fax: 215-561-0012
jinnelli@innellilaw.com

_____/s/_____
Shaoming Cheng, Esq. (VSB: 80218)
Cheng Yun Law, PLLC
6072 Deer Ridge Trail
Springfield, VA 22150
Tel: 703-887-6786
Fax: 888-510-6158
jcheng@chengyunlaw.com