IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

LUQUN LIU,                        )
                                  )
        Plaintiff,                )
                                  )
        v.                        )        1:15cv1026(JCC/TCB)
                                  )
XIAOKUI MA,                       )
                                  )
        Defendant.                )

**M E M O R A N D U M   O P I N I O N**

        This matter is before the Court on Defendant Xiaokui
Ma's ("Ma" or "Defendant") Motion for Reconsideration [Dkt. 92].
Defendant seeks reconsideration of this Court's August 11, 2016
Order [Dkt. 90] deeming her Motion for Judgment as a Matter of
Law as to Punitive Damages [Dkt. 84] withdrawn pursuant to
Eastern District of Virginia Local Civil Rule 7(E).  For the
following reasons, the Court will deny Defendant's Motion for
Reconsideration.

## I. Background

        Plaintiff brought this lawsuit for conversion, breach
of fiduciary duty, fraud, and unjust enrichment against
Defendant on August 13, 2015.  On June 9, 2016, after a three
day trial, the jury returned a verdict against Defendant for
$20,000 in compensatory damages and $160,000 in punitive damages
on Plaintiff's fraud claim.  (Jury Verdict Form [Dkt. 74].)

1

Defendant then filed a Motion to Set Aside the Verdict [Dkt. 79] pursuant to Rule 59(a) on July 6, 2016.  Defendant noticed the Motion to Set Aside the Verdict for a hearing on August 4, 2016, in compliance with Local Civil Rule 7(E).  (Notice of Hearing Date re Motion To Set Aside Verdict [Dkt. 81].)

On July 11, 2016, Defendant filed another post-trial motion, her Motion for Judgment as a Matter of Law as to Punitive Damages [Dkt. 84].  Defendant failed to file either a waiver of oral argument on this motion, or a notice of oral argument on this motion.  Accordingly, the Motion for Judgment as a Matter of Law was deemed withdrawn pursuant to Local Civil Rule 7(E) on August 11, 2016, thirty-one (31) days after Defendant had filed the motion.  Defendant then filed this Motion for Reconsideration on August 18, 2016, and noticed it for oral argument on August 25, 2016.  The Motion for Reconsideration has now been fully briefed and argued and is ripe for decision.

## II. Legal Standard

Defendant asks the Court to amend its previous Order of August 11, 2016 pursuant to Federal Rule of Civil Procedure 60(b).  Specifically, Defendant asks the Court to grant relief pursuant to Rule 60(b)(1) because of "mistake, inadvertence, surprise, or excusable neglect," or under the catch-all provision of Rule 60(b)(6).  In order to obtain relief under

2

Rule 60(b) the moving party must "show (1) that the Rule 60(b) motion is timely; (2) that [the non-moving party] will not suffer unfair prejudice if the default judgement is set aside; and (3) that that [the movant's defense] is meritorious." *Westlake Legal Group v. Yelp, Inc.*, 599 F. App'x 481, 484 (4th Cir. 2015)(quoting *Heyman v. M.L. Mktg. Co.*, 116 F.3d 91, 94 n. 3 (4th Cir. 1997)).  When the moving party seeks relief under the catch-all provision of subsection (b)(6), she must also show the existence of "extraordinary circumstances." *Murchison v. Astrue*, 466 F. App'x 225, 229 (4th Cir. 2012)(quoting *Reid v. Angelone*, 369 F.3d 363, 370 (4th Cir. 2004)).  "[E]xtraordinary circumstances [are those] that create a substantial danger that the underlying judgment was unjust." *Id.* (alterations in original)(quoting *Margoles v. Johns*, 798 F.2d 1069, 1073 (7th Cir. 1986)).

### III. Analysis

The parties do not dispute that Plaintiff's Motion for Reconsideration was timely.  Accordingly, the Court will focus on the other requirements of Rule 60(b), addressing the general threshold requirements that there be no unfair prejudice and the demonstration of a meritorious defense before turning to the specific requirements of excusable neglect or extraordinary circumstances.

A.   Unfair Prejudice to the Non-Moving Party

Plaintiff argues that she would be prejudiced if the Court were to grant Defendant's Motion for Reconsideration because she would be forced to litigate Plaintiff's post trial Motion for Judgment as a Matter of Law as to Punitive Damages. (Pl.'s Mem. in Opp. [Dkt. 95], at 2.)  This would undeniably prejudice Plaintiff, as the deadline for filing a Motion for Judgment as a Matter of Law has since passed, and if the Court does not grant Defendant's Motion for Reconsideration, Defendant will be unable to renew that motion.  But this prejudice is not the kind of *unfair* prejudice the Court is concerned with in the context of a Rule 60(b) motion.  The prejudice to the non-moving party must be more substantial to preclude a Rule 60(b) motion. *See Werner v. Carbo*, 731 F.2d 204, 206-07 (4th Cir. 1984) (finding no unfair prejudice where "the only prejudice claimed by [movant] is that presented when any judgment is vacated: the protraction of proceedings, the time and expense of a new trial, the loss of post-judgment interest").  Defendant has therefore succeeded in demonstrating that granting her Motion for Reconsideration would not inflict any unfair prejudice on Plaintiff.  Defendant, however, cannot similarly demonstrate that her Motion for Judgment as a Matter of Law was meritorious, that her failure to notice a hearing for Motion for Judgment as a Matter of Law was the result of excusable neglect, or that

4

this case presents extraordinary circumstances.

### B.   Meritorious Defense

This case is unusual in the context of Rule 60(b) motions, as rather than requesting relief from the judgment, the Rule 60(b) motion is requesting relief from an Order deeming Defendant's prior motion seeking relief from the judgment withdrawn.  This kind of procedural confusion has unfortunately characterized this entire case.

Generally, the requirement that the movant show a meritorious defense requires the movant to demonstrate that granting relief pursuant to Rule 60(b) would not be a "futile gesture."  *Boyd v. Bulala*, 905 F.2d 764, 769 (4th Cir. 1990). Here, that inquiry entails an analysis of Defendant's Motion for Judgment as a Matter of Law as to Punitive Damages.

Generally, the movant must demonstrate the presence of a meritorious defense as part of their motion for reconsideration itself.  They cannot rely on "mere conclusionary statements that a claim or a defense is meritorious."  *Holland v. Virginia Lee Co., Inc.*, 188 F.R.D. 241, 250 (W.D. Va. 1999)(quoting 12 James Wm. Moore et al., *Moore's Federal Practice* § 60.24[2]).  As Plaintiff correctly points out, Defendant's Motion for Reconsideration relies solely on the conclusory allegation that "she has a meritorious defense against the verdict with regard to the punitive damages on the

5

ground of [sic] all the evidence introduced at trial hardly demonstrates actual malice of Ms. Ma against Ms. Liu." (Def.'s Mem. in Supp. at 4.)  The Court therefore cannot find that Defendant has carried her burden of demonstrating the presence of a meritorious defense in her Rule 60(b) Motion.

The Court could deny Defendant's Motion for Reconsideration on this basis alone, but in the interest of thoroughness, the Court notes that Defendant's underlying Motion for Judgment as a Matter of Law is equally conclusory, spanning just over 2 pages, containing no citations to the record and only one string citation to legal authority.  (Def.'s Mem. in Supp. of Mot. for Judgment as a Matter of Law [Dkt. 84].)  The Motion for Judgment as a Matter of Law as to Punitive Damages is little more than an unsourced, unsupported, incomplete thumbnail sketch of the evidence presented at trial coupled with a renewed request for judgment as a matter of law on the availability of punitive damages.  The Court denied Plaintiff's Motion for Judgment as a Matter of Law the first two times it was made, at trial, and her renewed, written, post-trial motion offers no more persuasive research, authority, or argument than did those previously denied motions.  Accordingly, the Court finds that Defendant has failed to demonstrate the presence of a meritorious defense, and is therefore not entitled to relief pursuant to Rule 60(b).

C.   Excusable Neglect

Defendant seeks relief pursuant to Rule 60(b)(1).  In order to prevail on this basis "the Rule 60(b)(1) movant must demonstrate that [s]he has a meritorious defense *and* that one of the four conditions for relief applies – mistake, inadvertence, surprise or excusable neglect."  *Universal Film Exchanges v. Lust*, 479 F.2d 573, 576 (4th Cir. 1973).

Defendant argues that their failure to set a hearing date for their motion within the time allowed by the Eastern District of Virginia Local Civil Rules constitutes either a "mistake" or "excusable neglect" because of "filling issue of the Motion [sic] and misunderstanding of the hearing date." (Pl.'s Mem. in Supp. at 4.)  As clarified by the affidavit from Plaintiff's Counsel Shaoming Cheng that accompanied Plaintiff's Memorandum in Support, there were two such "filing issue[s]."

First, Defendant had difficulty filing the Motion for Judgment as a Matter of Law because Defendant waited until the time to do so had nearly expired, at which point Mr. Cheng was out of the country on a business trip to China, forcing another of Defendant's attorneys, Geoffrey Mason, to attempt a last minute filing without local counsel.  The second such "issue" was apparently confusion over the effect of this Court's July 19, 2016 Order [Dkt. 85], which granted an extension of time to file response briefs and set a revised briefing schedule for

7

both Defendant's Motion to Set Aside the Verdict Pursuant to
Rule 59(a) [Dkt. 79] (later withdrawn), and Defendant's Motion
for Judgment as a Matter of Law.

In the July 19, 2016 Order, the Court ordered that the
opposition and rebuttal briefs on Defendant's Motion to Set
Aside the Verdict and Defendant's Motion for Judgment as a
Matter of Law be submitted as single, combined opposition and
rebuttal brief, respectively.  The Order never set, or even
addressed a hearing date for Defendant's Motion for Judgment as
a Matter of Law.  The Order dealt only with the briefing
schedule for Defendant's then pending motions.  Whether
Defendant's attorneys were unaware that they had only noticed
one of their post-trial motions for a hearing in accordance with
Local Civil Rule 7(E), or some of Defendant's attorneys were
altogether unaware of the need to either waive oral argument or
file a notice of oral argument within 30 days under the local
rules, the failure of Defendant's attorneys to follow the local
rules is not "excusable neglect" for purposes of a Rule 60(b)
motion.  *See Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403,
413 (4th Cir. 2010).   A party whose attorney fails to "act with
diligence will be unable to establish that his conduct
constituted excusable neglect pursuant to Rule 60(b)(1)."
*Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 413 (4th
Cir. 2010).

8

D.   Extraordinary Circumstances

In the alternative, Defendant seeks relief under the catch-all provision of Rule 60(b)(6).  Relief should be granted pursuant to Rule 60(b)(6) only where extraordinary circumstances exist that "create a substantial danger that the underlying judgment was unjust."  *Murchison*, 466 F. App'x at 229 (quoting *Margoles*, 798 F.2d at 1073).  The Fourth Circuit and the Supreme Court have repeatedly emphasized that relief under Rule 60(b)(6) is appropriate only in "truly 'extraordinary circumstances.'" *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011)(quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988)(Rehnquist, C.J., concurring)).

As discussed above, Defendant's underlying Motion for Judgment as a Matter of Law was unlikely to succeed in any event.  Therefore, the Order deeming that Motion withdrawn does not create a substantial danger of injustice.  Further, the circumstances of Defendant's failure to notice her Motion for Judgment as a Matter of Law are not extraordinary.  Defendant's local counsel was out of the country on a business trip, and her other attorneys failed to comply with the local rules.  There was no chicanery on the part of the Plaintiff, no act of God affecting the parties or the area, nor was there any particular personal hardship being suffered by Defendant or her attorneys that resulted in the failure to comply with the local rules.

Business trips are a routine occurrence in the modern practice of law, not an extraordinary circumstance.  As Defendant has filed to demonstrate excusable neglect or extraordinary circumstances, the Court would deny her Motion for Reconsideration even if she had met the threshold requirement of demonstrating a meritorious defense.

### IV. Conclusion

For the foregoing reasons, the Court will deny Defendant's Motion for Reconsideration.  An appropriate Order shall issue.

/s/

December 14, 2016                          James C. Cacheris
Alexandria, Virginia          UNITED STATES DISTRICT COURT JUDGE