**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1000**

LUQUN LIU,

        Plaintiff - Appellee,

        v.

XIAOKUI MA,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  James C. Cacheris, Senior District Judge.  (1:15-cv-01026-JCC-TCB)

Submitted:  November 30, 2017                          Decided:  December 19, 2017

Before WILKINSON, NIEMEYER, and DIAZ, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Geoffrey C. Mason, Evan R. Smith, COGENT LAW GROUP, LLP, Washington, D.C., for Appellant.  John F. Innelli, JOHN F. INNELLI, LLC, Philadelphia, Pennsylvania, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2016, a jury found Xiaokui Ma liable to Luqun Liu for fraud and awarded Liu $20,000 in compensatory damages and $160,000 in punitive damages. Judgment was entered on June 13, 2016. Four weeks later, on July 11, Ma moved under Fed. R. Civ. P. 50(b) for a judgment setting aside the punitive damages award. In an August 11 order, the district court, pursuant to Eastern District of Virginia Local Civil Rule 7(E), deemed the Rule 50(b) motion withdrawn for failure to notice a hearing within 30 days after the motion's filing. A week later, on August 18, Ma sought reconsideration of this order under Rule 60(b). The district court denied Ma's Rule 60(b) motion on December 14, and Ma noted an appeal on December 20 from the August 11 order, the December 14 order, and the portion of the June 13 judgment awarding punitive damages. For the reasons that follow, we dismiss in part and affirm in part.

Parties are accorded 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

Assuming, without deciding, that Ma's withdrawn Rule 50(b) motion tolled the time to file an appeal, *see* Fed. R. App. P. 4(a)(4)(A)(i), Ma's notice of appeal regarding the June 13 judgment was due no later than 30 days after the district court's August 11 order. Because Ma did not note an appeal until four months later, we lack jurisdiction to consider the June 13 judgment.

2

We review for abuse of discretion the denial of a Rule 60(b) motion. *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011) (en banc). Ma does not dispute that she failed to notice a hearing for her Rule 50(b) motion, but asserts that she mistakenly believed her Rule 50(b) motion would be heard with her separately filed Rule 59(a) motion—for which argument had already been scheduled—and that the district court compounded her confusion by alluding in a scheduling order to an upcoming oral argument on multiple motions.[1] However, Ma failed to present this contention to the district court, instead solely attributing her mistake to a filing by Liu.[2] Accordingly, Ma has not preserved this argument for appellate review. *See In re Under Seal*, 749 F.3d 276, 287 (4th Cir. 2014).[3] Given Ma's lack of diligence in abiding by the district court's local rules, we further reject her claim that relief from the district court's order was warranted on the basis of excusable neglect or extraordinary circumstances. We thus find no abuse of discretion in the district court's denial of Ma's Rule 60(b) motion.

Accordingly, we dismiss the appeal from the June 13 judgment for lack of jurisdiction, and affirm the district court's August 11 and December 14 orders. We

---

[1] Ma later voluntarily withdrew her Rule 59(a) motion, thus canceling the scheduled hearing.

[2] In a motion for an extension of time to respond to Ma's motions, Liu noted that the Rule 50(b) motion had not been scheduled for oral argument, and that she presumed it would be heard together with the Rule 59(a) motion.

[3] In any event, Ma was actually notified on the final day of the 30-day period that no hearing was scheduled, yet failed to request or waive oral argument in compliance with the district court's local rule.

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART;*
*AFFIRMED IN PART*
